CATHERINE BURDGE, PLAINTIFF-RESPONDENT, v. RETAIL DEPARTMENT STORES OF AMERICA, INC., AND SCHULTE UNITED, DEFENDANTS-APPELLANTS.

Submitted February 13, 1943—Decided April 29, 1943.

For the defendants-appellants, *Wilbur A. Stevens* and *William Wann.*

For the plaintiff-respondent, *Parsons, Labrecque & Borden.*

The opinion of the court was delivered by

Donges, J. We concur in the conclusion of the Supreme Court that the judgment of nonsuit be reversed and for the reasons expressed in the opinion of Chief Justice Brogan for that court. 129 *N. J. L.* 228.

We deem it desirable, however, to deal with the trial court's ruling in refusing to permit testimony by a witness of a statement made, following the accident, by one of defendant's sales employees, as part of the *res gestæ.*

It appeared from the testimony of the witness that the plaintiff had fallen; that as witness turned, after hearing

"this thump," and "a second or two after" the completion of the accident, the "salesgirl" made the remark which was sought to be put in evidence.

The test as to admissibility of such testimony has been laid down in cases like *Blackman* v. *West Jersey and Seashore Railway Co.*, 68 *N. J. L.* 1, and *Thompson* v. *Giant Tiger Corp.*, 118 *Id.* 10. In the Blackman case Chief Justice Gummere, speaking for the Supreme Court, said:

"The rule, with relation to the admission of declarations upon this ground, is that where the declaration is concomitant with the main fact under consideration and is so connected with it as to illustrate its character, it may be proved as part of the *res gestæ;* but where it is merely narrative of a past occurrence it cannot be received as proof of the character of that occurrence. *Greenl. Ev.,* ¶ 108; *Castner* v. *Sliker*, 33 *N. J. L.* 95, 97. Tested by this rule, we think the question should have been excluded. If the words attributed to the conductor had been exclamatory and coincident with the happening of the accident, they would undoubtedly have been illustrative of its character, and proof of them would have been admissible. They were, however, not spoken until after the accident had occurred, and, although the time which had elapsed between the happening of the accident and the making of the declaration was very short, still the words were merely narrative 'of the conditions which had brought it about."

This language has been approved by this court. *Thompson* v. *Giant Tiger Corp., supra.*

In the instant case, the *res gestæ*—the accident—was over when the statement was made by one who had no part in the event and was not incidental to or a part of the occurrence.

The judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, RAFFERTY, THOMPSON, JJ. 10.

*For reversal*—None.