11 N.J. Super. 10 (1950)
77 A.2d 462
FRED GILL, PLAINTIFF-RESPONDENT,
v.
JEROME J. KRASSNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1950.
Decided December 15, 1950.
*12 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Edmund J. Canzona argued the cause for the respondent (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. Samuel A. Larner argued the cause for the appellant (Messrs. Budd & Larner, attorneys).
The opinion of the court was delivered by PROCTOR, J.A.D.
This is an appeal from a judgment in the Law Division of the Monmouth County Court upon a verdict in favor of the plaintiff.
Defendant contends that the trial court fell into error in submitting to the jury the question of defendant's liability, and that the verdict was against the weight of the evidence.
The injury complained of was the result of a fall of the plaintiff, a customer, in defendant's confectionery store. Plaintiff testified that he entered the store and walked in a normal manner down the aisle between the stools at the soda *13 counter and the tables, and fell because his left leg "skidded" as he was about to "reach" for the last stool. He then noticed a "skid" mark about 12 or 18 inches long and about an inch wide made by the heel of his shoe. He also noticed "soft wax plowed up on either side like you would scrape it with a putty knife or something;" further, that there were "various spots, especially along the counter and footrail of the soda bar where the wax was very heavy. You could scrape it off with your fingernail;" that the wax was about one-sixteenth of an inch thick and was of an amber color; that he picked up some of the substance.
An investigator for plaintiff testified that he later examined the floor at or near the spot where plaintiff fell, and that he rubbed his heel on the floor, leaving a mark about three or four inches long and about a quarter of an inch wide. He further testified, "The other part of the floor appeared to have been waxed with a rotary machine and there was indications of that over the rest of the floor." There was also testimony that no change had been made in the condition of the floor between the time of plaintiff's fall and the witness' inspection.
Three employees of defendant, one of whom was in charge of the store, testified to the effect that the floor was waxed by the Superior Floor Waxing Company and about 15 minutes after the floor was finished, the plaintiff entered. They further testified that the plaintiff came in walking "rapidly," and proceeded to the far end of the soda counter, where he fell; that after plaintiff's fall, they did not see any loose wax or "skid" marks on the floor. A customer testified substantially to the same effect.
The applicable rule is stated in Bosze v. Metropolitan Life Ins. Co., 1 N.J. 5 (Sup. Ct. 1948), as follows:
"* * * that in order that negligence may be inferred from the fact of oiling or waxing a floor, it must appear that either in the nature or quantity of the substance used, or in the manner or time of its application, there was a departure from the normal or generally accepted standards so as to create a hazard of a tortious character for the users of the premises. Coyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36 (Sup. Ct. 1935); Abt v. Leeds & Lippincott Co., 109 *14 N.J.L. 311 (E. & A. 1932); Shipp v. Thirty Second St. Corp., 130 N.J.L. 518 (E. & A. 1943)."
The Appellate Division in Knapp v. Seton Inn., Inc., 5 N.J. Super. 226 (1949), in applying the above rule, held that evidence that there were "skid" marks on the floor after the fall and that the wax was soft and that there were ridges or indentations in the wax was sufficient to create a jury question, as to whether the defendant was negligent in the manner in which it applied the wax or in the nature or quantity which it used. The court said:
"Such evidence can justify a jury in finding that the defendant deviated from the normal standard of waxing a floor so as to create a hazard for the users * * *."
See also Huddleson v. Lerman, 8 N.J. Super. 144 (App. Div. 1950); Berardo v. Ambrozy, 128 N.J.L. 295 (Sup. Ct. 1942); Burdge v. The Retail Department Stores, 129 N.J.L. 228 (Sup. Ct. 1942); affirmed, 130 N.J.L. 81 (E. & A. 1943).
In passing upon the motion for dismissal, the trial court was, of course, required to view plaintiff's evidence, together with all inferences which may be reasonably drawn therefrom, in the light most favorable to the plaintiff. Pirozzi v. Acme Holding Company of Paterson, 5 N.J. 178 (Sup. Ct. 1950).
In view of the testimony presented in plaintiff's behalf, there was sufficient evidence for the jury to find, as it did, that the waxing had been done in an improper and negligent manner to bring the case within the application of Knapp v. Seton Inn, Inc., supra. The trial court did not err in denying defendant's motion for a dismissal.
Defendant further contends that the waxing was done by an independent contractor and, in the absence of evidence of notice of the condition, defendant is not liable.
The plaintiff was lawfully on the premises as an invitee. Defendant owed him a duty not only to exercise ordinary care to render the premises reasonably safe for the *15 purposes for which the invitee entered, but to abstain from any act which would make the invitee's use of the premises dangerous. Finnegan v. The Goerke Co., 106 N.J.L. 59 (E. & A. 1929). That duty the defendant could not delegate, nor could he relieve himself thereof by engaging an independent contractor to discharge it for him. Under the circumstances, the defendant is liable for the defects in the ultimate result accomplished by his contractor, i.e., defendant's duty to exercise due care in the maintenance of the store remains with him whether he chooses to discharge that duty himself, or by his employee, or by a third party who, as to defendant, may have the status of an independent contractor. Levine v. Bochiaro, 137 N.J.L. 215 (E. & A. 1948); Hussey v. Long Dock R.R. Co., 100 N.J.L. 380 (E. & A. 1924). Since the defendant, in legal effect, created the condition by his own act, the cases cited, such as Oelschlaeger v. Hahne & Co., 2 N.J. 490 (Sup. Ct. 1949), concerning notice, have no application.
The trial court did not err in submitting the case to the jury.
The remaining question presented is whether the verdict was against the weight of the evidence. There was a sharp conflict in the testimony. The verdict of the jury will not be set aside upon the ground that it is against the weight of the evidence unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion. Wadell v. Public Service Coordinated Transport, 3 N.J. Super. 132 (App. Div. 1949). We do not find such to be the case here.
The judgment under review is affirmed.