413 P.2d 684

**Franklin D. LOOSLI, Plaintiff-Appellant,**

v.

**Lester G. BOLLINGER and Eldon W. Bollinger, Defendants-Respondents.**

No. 9650.

Supreme Court of Idaho.

April 13, 1966.

Robert F. McLaughlin, Mountain Home, for appellant.

Elam, Burke, Jeppesen & Evans, Boise, for respondents.

McQUADE, Justice.

Plaintiff-appellant Franklin D. Loosli commenced this action seeking damages caused by an automobile collision at the uncontrolled intersection of East 6th South Street and Woodruff Lane near Mountain

Home. Loosli was driving his automobile east on East 6th South Street at approximately 25 miles per hour. Upon approaching the intersection he slowed down and not seeing other vehicular traffic, entered the intersection. Defendant-respondent Lester G. Bollinger was driving his automobile north on Woodruff Lane at a speed of 45 to 50 miles per hour. When 60 feet from the intersection, Bollinger first saw the plaintiff's car entering the intersection. In an unsuccessful attempt to avoid a collision, Bollinger applied his brakes, leaving skid marks of 42½ feet. The Loosli car was approximately in the middle of the intersection, 2½ feet north of the south edge of its lane, when it was struck in the center of its right side by the Bollinger car.

The accident occurred shortly after noon; the visibility was clear; there were no other cars in the vicinity; and, except for a silo located in a field on Bollinger's left, there was no obstruction of each driver's view of the other as he approached the intersection.

The jury returned a verdict in favor of the plaintiff in the sum of $17,500. After judgment was entered thereon, the defendants moved for a judgment notwithstanding the verdict. This motion was granted on the grounds that "the plaintiff was guilty of contributory negligence which was a proximate cause of the accident and that the evidence was insufficient to support the verdict." The verdict was set aside and judgment was entered for defendants. From that judgment, plaintiff appeals.

In a recent case involving facts almost identical to those herein, this court held that the plaintiff's alleged contributory negligence and the defendant's alleged negligence were questions for the jury and that neither should be decided by the trial court as a matter of law. Nagel v. Hammond, 90 Idaho, 408 P.2d 468 (1965).

■ A motion for judgment notwithstanding the verdict under I.R.C.P. 50(b) admits the truth of the adversary's evidence and every inference of fact which legitimately may be drawn therefrom and should be granted only in the absence of evidence to support the verdict. Mabe v. State ex rel. Rich, 86 Idaho 254, 385 P.2d 401 (1963).

■ In the present case the evidence is sufficient to support a finding by the jury that the defendant was negligent in failing to yield the right-of-way, contrary to I.C. § 49–727(a) [1] and in failing to reduce his speed, contrary to I.C. § 49–701(c). [2]

---

1. I.C. § 49–727(a): "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

2. I.C. § 49–701(c): "The driver of every vehicle shall * * * drive at an appropriate reduced speed when approaching and crossing an intersection * * *."

On the other hand, the evidence as to the plaintiff's contributory negligence is not so clear as to require determination by the court.

"* * * plaintiff cannot be adjudged guilty of contributory negligence merely because he did not see defendant when he entered the intersection. Plaintiff's conduct is to be determined by its conformity to or departure from what an ordinarily prudent person would have done under all the circumstances and conditions then existing." Nagel v. Hammond, supra, 408 P.2d at 472.

Whether the plaintiff was guilty of contributory negligence in failing to see the defendant was for the jury to determine.

Whether the vehicles entered the intersection at "approximately the same time," in which case plaintiff would be required to yield the right-of-way to defendant,[3] was, under the present facts, also a question for the jury.

The judgment is reversed and the cause remanded with instructions to the trial court to reinstate the judgment originally entered upon the jury's verdict in accordance with I.C. § 49–1404.

Costs to appellant.

McFADDEN, C. J., and TAYLOR, SMITH and SPEAR, JJ., concur.

3. I.C. § 49–727(b): "When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."