460 P.2d 410

DeWayne L. SWA and Evelyn Swa, husband
and wife, Plaintiffs-Appellants,
v.
The FARMERS INSURANCE EXCHANGE,
Defendant-Respondent.
No. 10381.

Supreme Court of Idaho.
Oct. 17, 1969.

Rehearing Denied Nov. 10, 1969.

Whittier & McDougall, Pocatello, for appellant.

Maguire & Kisling, Pocatello, for appellee.

DONALDSON, Justice.

Plaintiffs (appellants) were the parents of DeWayne Swa, now deceased. They brought this action against the Farmers Insurance Exchange, their own insurance company, under the uninsured motorist provision of the policy, alleging that their son died as a result of the gross negligence of one Conan Ray Lewis, the driver of the car in which their son was a guest passenger. The driver carried no insurance.

Plaintiffs' son was killed as a result of a one car accident occurring about 3:00 A.M.,

August 31, 1966, on Route 30N between Montpelier and Soda Springs, approximately 6 miles east of Soda Springs.

The physical facts testified to at trial showed that the weather was clear, visibility was good and the road was dry. The highway was 33 feet wide, straight, and had graveled shoulders which were hard and dry. An investigation of the accident showed that the right wheels of the vehicle went off the road onto the righthand shoulder, and then traveled 90 feet out to the center line and across the center line then back around to the center line. Investigation further showed that the car continued 105 feet from the center line down the road to the right shoulder of the highway. From this point the vehicle proceeded from the shoulder down to the borrow pit into a fence and then continued another 138 feet from the fence out into a field where it ultimately came to rest upside down. The car was demolished and each boy was thrown clear of the vehicle. The driver, the only witness, in explanation of his actions testified that he was traveling east in his own lane of traffic at a speed he estimated at 55 to 60 miles per hour; that a car approached him from the rear traveling at a high rate of speed; that it came to within three or four car lengths behind his vehicle and that at that point the headlights caused a reflection in his three rear view mirrors. One of the mirrors was mounted on each of the fenders and one in the interior of his car. He further testified that the glaring headlights in his rear view mirrors blinded him and that when he turned to the right to escape the sudden glare of the lights the right wheels of his vehicle went off the oiled portion of the roadway onto the graveled shoulder. This startled him and he also saw what he thought was a reflection from a delineator post set along the roadway so that he instinctively turned

to the left to get back onto the highway; that his car had full time power steering, which was quite sensitive and that he inadvertently oversteered causing the car to suddenly swerve across his lane of traffic into the center of the highway and that when he turned to the right to correct his position that he lost control of his car.

The jury returned a verdict of $10,000.00 for the plaintiffs and judgment was entered accordingly. The defendant then made a motion for judgment notwithstanding the verdict on the ground that there was a lack of evidence to prove gross negligence on the part of Conan Ray Lewis. The trial court granted the defendant's motion and the verdict was set aside. The district court in its memorandum decision gave as the ground that the jury did not follow the instructions and hence did not properly consider what was gross negligence.

Plaintiffs appealed to this court from a judgment notwithstanding the verdict contending that the trial court erred in granting defendant's motion.

■ Upon a motion for a judgment notwithstanding the verdict based on the evidence the moving party admits the truth of the adversary evidence and every inference which may be legitimately drawn therefrom. Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963); Mabe v. State, 86 Idaho 254, 385 P.2d 401 (1963). The question therefore presented by this appeal is whether as a matter of law the record contains sufficient evidence to support a jury verdict that the gross negligence of Conan Ray Lewis, the host driver, was a proximate cause of the death of DeWayne Swa.

In Hodge v. Borden, 91 Idaho 125, at 134, 417 P.2d 75, 83 (1966), this court considered the meaning of gross negligence as defined by the Idaho guest statute [1] and said, gross negligence cannot be considered synony-

1. "I.C. § 49–1401. *Liability of motor owner to guest.*—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or gross negligence."

mous with "reckless disregard of the rights of others." In that case this court endorsed the distinction made by the Supreme Court of Oregon in Williamson v. McKenna, 223 Or. 366, 354 P.2d 56 (1960) between reckless conduct and conduct which an individual engages in "not knowing of the high degree of manifest danger but under the circumstances where he should have known."

However in the more recent case of Petersen v. Parry, 92 Idaho 647 at 657, 448 P. 2d 653 (1968), this court pointed out that only a portion of the Williamson opinion had been quoted in Hodge v. Borden, *supra,* and the court then stated:

"In my opinion the test to be applied is contained in the following modified version of the definition of reckless conduct contained in 2 Restatement, Torts, § 500, as follows:

'To constitute gross negligence within the meaning of the Idaho guest statute [I.C. § 49–1401] the owner or operator must perform an act or intentionally fail to perform an act which it is his duty to perform, knowing or having reason to know of facts which would lead a reasonable, prudent man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' "

The court then went on and stated that in applying this definition to the facts of any particular case the court should consider (1) The defendant must intentionally do the act or intentionally fail to do the act which involved the risk; (2) The defendant's conduct must involve a high degree of probability that harm will result; (3) It is not necessary that defendant actually knows of the risk; (4) Defendant's actual consciousness of the risk, although not necessary to prove reckless conduct, may be a significant factor in establishing his liability; (5) Inadvertent conduct, without more, will not constitute recklessness or gross negligence; and (6) A series or combination of negligent acts may constitute reckless conduct if taken together they indicate the so-called reckless state of mind.

In applying this test to the particular facts of this case it appears that the host driver was confronted with an emergency situation not of his own making. In his attempt to extricate himself from the dangerous situation caused by the glaring and blinding lights in his rear view mirrors, the driver inadvertently drove off the paved portion of the road. He was then startled upon seeing a reflector post and oversteered first to his left and then to his right in an attempt to avoid hitting the reflector. All this happened very quickly and constituted only a single error of judgment.

■ It does not constitute negligence when one who without fault is suddenly and unexpectedly placed in a perilous situation, so as to be compelled to act instantly and without opportunity to exercise deliberate judgment. One is not chargeable with negligence if in attempting to escape from the peril or to avoid or minimize the threatened injury, he acts as a person of reasonable prudence would have acted in the same or similar situation. Dewey v. Keller, 86 Idaho 506, 388 P.2d 988 (1964); Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963). The actions of Conan Ray Lewis therefore fall into the classification of (5) and not (6) as set forth above.

■ Appellants contend that the physical facts as presented at the trial indicate excessive speed. However the direct evidence, the testimony of the driver, indicates that at the time of the accident the car was traveling at a rate of 55 to 60 miles per hour. Assuming arguendo that the circumstantial evidence leads to the inference that Conan Ray Lewis was in fact exceeding the speed limit, speed alone does not constitute gross negligence. Roehr v. Bean, 237 Or. 599, 392 P.2d 248 (1964); Orme v. Burr, 157 Fla. 378, 25 So.2d 870 (1946).

"It appears to be well established that while speed is an important factor in all cases to be considered in determining the host operator's culpability under the per-

tinent guest statute, this factor standing alone, does not as a rule show aggravated negligence within the meaning of the applicable statute." 6 A.L.R.3d 769 at 776 (1966).

Reviewing the record in the present action, accepting as true appellants' evidence and favorable inferences which might be legitimately drawn therefrom, the evidence is insufficient to support a verdict for appellants based upon the issue of gross negligence. The district court properly entered judgment notwithstanding the verdict for respondent.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., McQUADE, and SHEPARD, JJ., and SCOGGIN, D. J., concur.