487 P.2d 1123

Norman F. BANZ, Plaintiff-Appellant,

v.

JORDAN MOTOR CO., Inc., Defendant-Respondent.

No. 10299.

Supreme Court of Idaho.

Aug. 9, 1971.

370

John H. Hjellum, II, Boise, for plaintiff-appellant.

Jerry V. Smith, Lewiston, for defendant-respondent.

McFADDEN, Justice.

Norman Banz brought this action in the district court seeking damages for personal injuries he suffered after being struck on his head by an overhead mechanical garage door at Jordan Motor Company's automobile service department in Grangeville. The action was tried to a jury which returned its verdict in favor of Mr. Banz and awarded him $16,085.00 as damages. The defendant moved for judgment notwithstanding the verdict [1] or, in the alternative, a new trial. The trial court by order granted the motion and entered judgment notwithstanding the verdict for the defend-

1. "I.R.C.P. 50(b) (as amended, effective Sept. 12, 1968) Motion for judgment notwithstanding the verdict.—Any party aggrieved by a verdict, whether or not he has previously moved for a directed verdict, may move within ten (10) days after the entry of judgment to have the verdict and any judgment entered there-on set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned, such party, within ten (10) days after the jury has been discharged, may move for judgment. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative; and a motion to set aside or otherwise nullify a verdict or for a new trial shall be deemed to include this motion as an alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment. If no verdict was returned the court may direct the entry of judgment or may order a new trial. The failure of a party to move for a directed verdict, judgment notwithstanding the- verdict or for a new trial shall not preclude appellate review of the sufficiency of the evidence when proper assignment of error is made in the appellate court."

ant. The order also provided in the alternative that if the judgment for the defendant be reversed upon appeal, the verdict of the jury is to be set aside and a new trial granted.[2] The trial court stated the ground for the conditional granting of the new trial was the insufficiency of the evidence to justify the verdict. Banz appeals from the judgment n. o. v. and the alternative order granting a new trial.

The factual issues at trial concerned (1) the negligence of the defendant in lowering or allowing the lowering of the electrically operated overhead door in such a way that a customer would be injured, (2) the extent of injuries suffered by Banz, and (3) contributory negligence of Banz.

As to the alleged negligence of defendant which caused Mr. Banz to be struck on the head, the following facts were elicited at trial. Mr. Banz entered upon the premises of the auto dealership for the purpose of conducting some business in the service department pertaining to his account. As was the normal practice for service department customers, Banz, who was walking, entered through the entryway also used for vehicles. As he approached the entrance another individual passed him walking in the opposite direction. Banz may or may not have addressed a greeting or words of recognition to this individual.

The motor-driven door was in the process of lowering at the moment Banz walked under it. The door struck him on the rear area of his head and Banz fell to his knees. Banz thereupon regained his feet, walked to the service manager's office and spoke to the service manager, informing him of the blow to his head from the door. Defendant's general manager was also present and both men testified that at that time Banz complained of being struck by the door.

The testimony showed that there were two sets of buttons which could activate the lowering of the door. One set was inside the doorway in the service area and the other set was located in the office area which was to the rear and side of the service area. The evidence did not establish who, if anyone, activated the switch at the moment Banz entered. It was established that deliverymen as well as employees of the defendant customarily operated the door switches. There was no evidence which would indicate the door or the mechanisms connected to it were defective causing the door to lower without a person first pushing one of the buttons.

Defendant attempted to establish that plaintiff had been contributorily negligent in not watching what has happening as he walked through the doorway. One witness testified she remembered Banz looking around and talking to some third person as he entered the doorway and was struck. There was indeed unrefuted evidence that a third person was exiting at the same time. There was also evidence the door emitted audible noise when it was moving and did so at the time of the accident. Banz insisted he heard no noise which would have alerted him to the danger and saw nothing to warn him. The record reflected that before the accident Banz possessed good hearing and vision. The evidence did not establish that the noise emitted by the door

2. I.R.C.P. 50(c). "Motion for judgment notwithstanding the verdict—Conditional rulings on granted motions.—(1) If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule is granted, the court shall rule on the motion for new trial by determining whether it should be granted if the judgment is thereafter vacated or reversed. If the motion for new trial is thus conditionally granted, the court shall specify the grounds therefor, and such an order does not affect the finality of the judgment. In case the motion for new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court shall have otherwise ordered. In case the motion for new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court. An appeal from a judgment granting or denying a motion for judgment notwithstanding the verdict presents for review all reviewable error against either the appellant or appellee. * * *"

was sufficiently different from other mechanical noises coming from the auto service area so as to clearly warn someone entering or exiting through the door.

We affirm that part of the trial court's order, wherein a new trial was conditionally ordered in the event this court reversed the judgment notwithstanding the verdict.

The test to be applied by this court in reviewing a record to determine the correctness of a trial court's order granting a judgment notwithstanding the verdict is different from the test applied in reviewing a trial court's order granting a new trial. In the first instance, the record must be closely scrutinized to determine whether there is *any evidence* to sustain the verdict, and upon a motion for a directed verdict or for judgment notwithstanding the verdict the moving party admits the truth of the adversary's evidence and every inference of fact which legitimately may be drawn therefrom. I.R.C.P. 50(b); Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966). However, in the case of review of a trial court's order granting a new trial, the test to be applied by this court is whether the record discloses a manifest abuse of discretion by the trial court. Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969); Deshazer v. Tompkins, 93 Idaho 267, 460 P.2d 402 (1969).

We agree with the plaintiff that there was sufficient evidence, admittedly conflicting, before the jury, upon which it could have returned a verdict for the plaintiff on the issue as to defendant's negligence. I.C. § 13–219; Skaggs Drug Centers, Inc., v. City of Idaho Falls, 90 Idaho 1, 407 P.2d 695 (1965). Even though the evidence as to the plaintiff's damages is weak, it is our conclusion that the trial court erred in granting the judgment notwithstanding the verdict inasmuch as there was evidence of some damage to the plaintiff.

Examination of the record discloses no manifest abuse by the trial court in granting the motion for new trial, and the conditional order of the trial court in that regard is affirmed.

Since this case is to be retried, there is one further issue to be discussed. The plaintiff argues the trial court erred in not giving an instruction on the doctrine of *res ipsa loquitur.* Plaintiff submitted as one of his requested instructions an instruction dealing with this doctrine. The instruction as requested is not phrased in the best language, but it did raise the issue as to the propriety of presenting this doctrine to the jury.

In Lustine-Nicholson Motor Co. v. Petzal, 106 U.S.App.D.C. 18, 268 F.2d 893 (1959), under a factual situation similar to that involved in this case, the trial court gave an instruction on the *res ipsa loquitur* doctrine, and the appellate court sustained the applicability of the doctrine. The court stated:

"Appellant relies on two pieces of testimony to negate the *res ipsa* inference: (1) expert testimony that the overhead door could not possibly fall from a fully open position unless it were actuated by one of two switches or unless it were forced down; (2) testimony of its service manager that no one pushed either of the actuating buttons. On the other hand appellee relied on his own testimony that the door fell down on his head: his testimony did not try to explain whether it fell contrary to the expert's opinion or whether it was actuated by some unknown person contrary to the service manager's testimony. In any event there was a direct conflict in the testimony, and the jury could very properly have disbelieved one of appellant's witnesses and then properly have applied the *res ipsa* inference to explain appellee's testimony. In these circumstances it was not error to give the *res ipsa* instruction. See Prosser, Torts 215–17 (2d ed. 1955) and cases cited there." 268 F.2d at 894–895.

This reasoning by the appellate court in *Lustine-Nicholson Motor* is applicable to the facts here. The record reflects in this case also that no one was observed around the button near the service area. The other button (in the office) was under

the sole control of defendant's employees. On the new trial, unless different facts are developed, a proper instruction on the doctrine of *res ipsa loquitur* should be given.

One final matter remains for consideration. Respondent submitted a motion to dismiss the appeal due to the failure of appellant to comply with Supreme Court Rule 35 by filing a certificate showing what papers and documents were considered by the district court in ruling on the motion under I.R.C.P. 50(b). We granted appellant's motion to augment the record and appellant did file the proper certificate. In that the accuracy of the record is now assured the purpose of Rule 35 is met. Respondent has not shown prejudice to it by appellant's delay in complying with Rule 35. Therefore the motion to dismiss is denied.

The judgment notwithstanding the verdict is reversed, and the order of the trial court granting the alternate motion for new trial is affirmed and the cause remanded for new trial. Costs to appellant.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.