518 P.2d 1194

Alexander A. MANN and Mary Mann, husband and wife, Plaintiffs-Appellants,

v.

SAFEWAY STORES, INC., Defendant-Respondent.

No. 11220.

Supreme Court of Idaho.

Feb. 8, 1974.

**734**

Webb, Pike, Burton & Carlson, Twin Falls, for plaintiffs-appellants.

Robert M. Harwood, Benoit, Benoit & Alexander, Twin Falls, for defendant-respondent.

DONALDSON, Justice.

Plaintiff (appellant), Mary Mann, slipped and fell in the Twin Falls Safeway Store on October 11, 1970. As a result of the fall, she suffered a broken hip. Together with her husband, Alexander Mann, she filed suit against the defendant (respondent), Safeway Stores, Inc., alleging that the proximate cause of her fall and resulting injuries was the negligent manner in which defendant maintained its floor. Trial was had and the jury returned a verdict in favor of Mrs. Mann and her husband. Judgment was duly entered. Defendant then moved the trial court for judgment notwithstanding the verdict (n. o.v.) or, in the alternative, for a new trial. From the grant of that motion, plaintiffs prosecute this appeal. Their sole assignment of error is that the trial court erred in granting defendant's motion for judgment n.o.v.

A motion for judgment n.o.v. admits the truth of the adverse evidence and every inference that may be legitimately drawn therefrom. Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968); Bratton v. Slininger, 93 Idaho 248, 460 P.2d 383 (1969); Swa v. Farmers Insurance Exchange, 93 Idaho 275, 460 P.2d 410 (1969).

In the past, this Court has framed the test for determining whether a motion for judgment n.o.v. should have been granted in various terms. In Banz v. Jordan Motor Co., 94 Idaho 369, 487 P.2d 1123 (1971), we stated that it should not be granted when there is any evidence to support the verdict. We said basically the same thing in Deshazer v. Tompkins, 93 Idaho 267, 460 P.2d 402 (1969); Bratton v. Slininger, *supra*; and Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966). In those cases, we stated that it should be granted only when there is an absence of evidence to support the verdict of the jury.

A different test is found in Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963), where this Court stated that the trial court erred in granting a motion for judgment n.o.v. because there was sufficient evidence to support the verdict of the jury. This same language was also used in

Dreyer v. Zero Refrigeration Lines, Inc., 92 Idaho 83, 85, 437 P.2d 355, 357 (1968):

"Plaintiff also must come forward with competent evidence sufficient to permit a reasonable man to find in accord with plaintiff's position on both issues, and if plaintiff fails to establish such a prima facie case, the trial court must order the action dismissed or on motion grant a directed verdict or judgment non obstante verdicto."

■ Finally, the test was stated to be substantial evidence in Mabe v. State ex rel. Rich, 86 Idaho 254, 385 P.2d 401 (1963) and Dawson v. Olson, 94 Idaho 636, 496 P.2d 97 (1972). In the *Dawson* case, this Court stated:

"Before reviewing these arguments we acknowledge at the outset that we are entering the province of the jury and may not uphold the judgment n.o.v. unless the facts are undisputed and permit only one reasonable conclusion to be reached after all inferences are drawn in favor of appellants." 94 Idaho at 640, 496 P.2d at 101.

We then went on to say:

"When all inferences are drawn in favor of appellants, the verdict is sufficiently supported by substantial evidence that it should not be set aside." 94 Idaho at 641, 496 P.2d at 102.

For the reasons that will be discussed, we have concluded that the proper test to be applied in determining whether it is proper to grant judgment n.o.v. is found in Dawson v. Olson, *supra*; that is, a motion for judgment n.o.v. should not be granted when there is substantial competent evidence to support the verdict of the jury.

When a jury's verdict is appealed directly to this Court, and not from the grant or denial of a motion for judgment n.o.v., I.C. § 13–219 states that it must not be set aside if supported by substantial evidence.

"Upon an appeal from a judgment the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken: *provided, that whenever there is substantial evidence to support a verdict the same shall not be set aside.*" (emphasis added)

■ This provision does not apply to an appeal from the trial court's grant or denial of a motion for judgment n.o.v. since that decision is appealable under I.C. § 13–201 (1972 Supp.). Seamons v. Spackman, 81 Idaho 361, 341 P.2d 442 (1959). If we were to continue to use the "any evidence" test used in Banz v. Jordan Motor Co., *supra*, it is conceivable that a jury's verdict appealed directly to this court pursuant to I.C. § 13–219 could be reversed because it is not supported by substantial evidence while that same jury's verdict would stand if, after the verdict is rendered, a motion for judgment n.o.v. is made and the appeal is taken pursuant to I.C. § 13–201 from the grant or denial of that motion. This inconsistent result is possible because under the "any evidence" test, the verdict would stand if supported by any evidence, even arguably a mere scintilla of evidence.[1] There is no logic in a rule which provides that the validity of a jury's verdict will be judged by one standard if it is appealed directly to this Court while that same verdict will be judged by another merely because a remedy other than direct appeal is chosen. In order to avoid such a result, we have concluded that the same test is to be applied to

---

1. By this opinion we are not suggesting that in those cases in which the "any evidence" or "absence of evidence" test was used, the verdict of the jury was only supported by a mere scintilla of evidence. A close reading of those cases clearly indicates that in each there was substantial competent evidence to support the verdict. However, the language used in those cases is confusing since it seems to indicate that a motion for judgment n. o. v. cannot be granted when the verdict of the jury is supported by a mere scintilla of evidence, even though the evidence is not substantial. *See* Banz v. Jordan Motor Co., *supra*; Bratton v. Slininger, *supra*; Deshazer v. Tompkins, *supra*; and Loosli v. Bollinger, *supra*.

both situations so that it is improper to grant a motion for judgment n.o.v. when the verdict of the jury is supported by substantial evidence.[2] Obviously, that evidence must also have been properly admitted at the trial.

By substantial, it is not meant that the evidence need be uncontradicted. All that is required is that the evidence be of such sufficient quantity and probative value that reasonable minds *could* conclude that the verdict of the jury was proper. It is not necessary that the evidence be of such quantity or quality that reasonable minds must conclude, only that they *could* conclude. Therefore, if the evidence is so weak that reasonable minds could not reach the same conclusion the jury has, the motion for judgment n.o.v. is properly granted. *See* Mabe v. State ex rel. Rich, *supra*; Dawson v. Olson, *supra*.

Because a motion for judgment n.o. v. is a delayed motion for directed verdict, this new standard of substantial evidence must also be applied to motions for directed verdicts made pursuant to I.R.C.P. 50(a). If a motion for directed verdict has already been made and denied by a trial court, a motion for judgment n.o.v. allows the trial court the opportunity to correct its error in not granting the earlier motion if the grant of that motion should have been made. Ralph v. Union Pacific Railroad Co., 82 Idaho 240, 351 P.2d 464 (1960). Thus, it is necessary that that same standard be applied to both motions.

In the past, this Court has applied the substantial evidence standard to mo-

tions for involuntary nonsuit made pursuant to I.R.C.P. 41(b).

"The wording of the defendant's motion for a dismissal indicates that the motion was made pursuant to I.R.C.P. 41(b). In 2B Barron and Holtzoff, Federal Practice and Procedure, Sec. 919, p. 148, the rule with regard to the granting of such a motion is stated as follows:

'In a jury case, sufficiency or insufficiency of the evidence upon a motion for dismissal—or a motion for directed verdict as it should be called—depends upon the facts and circumstances of each case * * *. It is sufficient to say that an involuntary dismissal should be denied when substantial testimony meets the burden of proof and warrants submission to a jury. The testimony and all reasonable inferences therefrom must be viewed in the light most favorable to the plaintiff.' " Shaffer v. Adams, 85 Idaho 258, 263, 378 P.2d 816, 818 (1963).

This standard will continue to be applied since a motion for nonsuit made pursuant to I.R.C.P. 41(b) is indistinguishable in operation and effect from a motion for directed verdict made pursuant to I.R.C.P. 50(a).

However, the substantial evidence standard will not be applied to motions for new trial even though that motion is usually made at the same time as a motion for judgment n.o.v. This Court has long adhered to the principle that the granting of a motion for a new trial is within the discretion of the trial court and will not be

---

**2.** By this opinion we are adopting the same standard as applied in federal courts.

"Whether the evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the court. The standard in passing on that question is the same whether it arises in the procedural context of a motion for directed verdict or of a motion for judgment notwithstanding the verdict. It is the same in the trial court and on appeal.

"Since grant of one of these motions deprives the party of a determination of the facts by a jury, they should be cautiously and sparingly granted. Nevertheless the federal courts do not follow the rule that a scintilla of evidence is enough. The question is not whether there is literally no evidence supporting the party against whom the motion is directed, but whether there is evidence upon which the jury could properly find a verdict for that party." Wright & Miller, Federal Practice and Procedure: Civil § 2524. *See* 5A Moore's Federal Practice ¶ 50.-07[2].

reversed without a showing of abuse of discretion. As we stated in Banz v. Jordan Motor Co., *supra*:

"However, in the case of review of a trial court's order granting a new trial, the test to be applied by this court is whether the record discloses a manifest abuse of discretion by the trial court." 94 Idaho at 372, 487 P.2d at 1126.

This decision is properly left to the discretion of the trial court for the trial court has the duty to grant a new trial where prejudicial errors of law have occurred at the trial, even though the verdict of the jury is supported by substantial evidence. *See* I.C. § 10–602.

It is the duty of this Court to review the record to determine if there is substantial competent evidence supporting the verdict of the jury. Viewed in the light most favorable to the plaintiffs, the evidence shows the following. Plaintiff had gone to defendant's store to purchase some oranges for her older brother who lived with her and her husband. While walking down one of the aisles, her feet shot out from behind her and she fell forward onto the floor.

Mrs. Donna Mason, plaintiff's niece, testified that she came to the store upon being notified of the fall. While there, she noticed a skid mark, about eighteen inches long, on the floor in the area of the plaintiff's fall. In addition, she also testified that the floor appeared to be very shiny, almost to the point of looking greasy. Mrs. Mann, the plaintiff, had given similar testimony. However, neither could state that the floor was actually slippery.

The assistant manager of defendant's store, Fred MacKenzie, testified that at the time of the accident, he was in charge of the store. He stated that due to the absence of the store manager who waxed the floor himself, the floor had not been waxed for a period of two to three weeks prior to the accident. He also stated that it was possible for the floor to appear shiny even though it had not been waxed for that period of time because a chemical-ly treated mop was used everyday to pick up dust or dirt. On cross-examination, MacKenzie testified that the condition of the floor would be in approximately the same condition everywhere in the store on every day.

The manager of the store, Lee Vander Does, testified that at the time of the accident, he was in Boise working in a Safeway store. He was in Boise because the Safeway retail clerks in that area were on strike and Safeway was using its store managers to keep those stores open. He then testified that he waxed the floor himself in order to insure that it was properly done and that due to his absence it had not been waxed for a period of two to three weeks prior to plaintiff's fall. The wax he used was a special type which prevents scuffing or slipping. He also stated that it was possible for the floor to appear shiny and still not be slippery. On cross-examination, he admitted that the floor would be in about the same condition everywhere in the store on every day.

Mrs. Icel Brown, a nurse, testified over defendant's objection that she slipped and fell in a different area of the store one or two days after plaintiff's fall. She stated that the fall was caused by two factors: the floor was slippery and her shoes were slippery.

■ When a motion for judgment n. o. v. is made, the truth of plaintiff's evidence and every legitimate inference that can be drawn therefrom is admitted. Fawcett v. Irby, *supra*; Bratton v. Slininger, *supra*; Swa v. Farmers Insurance Exchange, *supra*. Circumstantial evidence can be used to prove one's case. Dick v. Reese, 90 Idaho 447, 412 P.2d 815 (1966); Petricevich v. Salmon River Canal Co., 92 Idaho 865, 452 P.2d 362 (1969). However, if an inference drawn from circumstantial evidence is to be made the basis of further inference, the first inference must be established to the exclusion of all other reasonable inferences. Commercial Credit v. Varn, 108 So.2d 638 (Fla.App.1959); New York Life Insurance Co. v. McNeely, 52

Ariz. 181, 79 P.2d 948 (1938); Hewitt v. General Tire & Rubber Co., 3 Utah 2d 354, 284 P.2d 471 (1955); Buzard v. Griffin, 89 Ariz. 42, 358 P.2d 155 (1961). *See also* United States v. Ross, 92 U.S. 281, 23 L.Ed. 707 (1875); Dick v. Reese, *supra;* Nordick v. Sorensen, 81 Idaho 117, 338 P.2d 766 (1959).

■ Taken as a whole, the evidence shows the following. Plaintiff was walking along one of the aisles of defendant's store when her feet suddenly shot out from behind her. The floor appeared very shiny, almost greasy. An eighteen inch skid mark was found on the floor in the area in which she fell. The floor had not been waxed for several weeks, but every night it had been mopped with a chemically treated mop. Another patron fell in the store, her fall being caused by a combination of her shoes being slippery and the floors being slippery. The evidence shows that the condition of the floor where she fell was the same as where plaintiff fell. From this evidence, only one inference is possible: i. e., the floor was in an unsafe condition. From this, the inference that defendant was negligent in the manner in which it maintained its floors may be drawn. As a customer in defendant's store, plaintiff occupied the status of an invitee. Defendant had the duty to maintain the premises in a reasonably safe condition and to warn of any hidden or concealed dangers of which it knew or should have known by the exercise of reasonable care. Giles v. Montgomery Ward Co., 94 Idaho 484, 491 P.2d 1256 (1971); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965). The evidence shows that defendant breached this duty. Therefore, the trial court should not have granted defendant's motion for judgment n. o. v.

■ Defendant, in its brief, has isolated each item of evidence and argued that each will not support the inference of negligence. However, the evidence must be considered as a whole in determining if it supports the verdict of the jury. The jury could consider the appearance of the floor. In addition, skid marks are compe-tent evidence. Copeland v. Phthisic, 245 N.C. 580, 96 S.E.2d 697 (1957); Strout v. American Stores Co., 385 Pa. 230, 122 A.2d 797 (1956); Gill v. Krassner, 11 N.J.Super. 10, 77 A.2d 462 (1950); Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N.W. 811 (1935). While a slip and fall of itself will not support an inference of negligence, Giles v. Montgomery Ward Co., *supra,* the jury could consider the manner in which plaintiff fell. Evidence of other falls will also support the verdict of the jury. Lyon v. Dr. Scholl's Foot Comfort Shops, Inc., 251 Minn. 285, 87 N.W.2d 651 (1958); Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253 (1927). *See also* State v. Terry, 50 Idaho 283, 295 P. 427 (1931); Osburn v. The Oregon Railroad & Navigation Co., 15 Idaho 478, 98 P. 627 (1908). This evidence, when considered in light of the testimony of the store personnel concerning the use of a chemically treated mop and failure to use a non-skid type of wax on the floor for a period of two or three weeks prior to the accident, is substantial, competent evidence supporting the verdict of the jury. Therefore, the decision of the trial court granting defendant's motion for judgment n. o. v. must be reversed.

The record does not disclose whether the trial court ruled on defendant's motion for a new trial as required by I.R.C.P. 50(c). Thus, it is possible that our action today will result in another trial since the trial court still has jurisdiction to rule on the motion. *See* Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940); Readnour v. Commercial Standard Ins. Co., 253 F.2d 907 (10 Cir. 1958). We therefore deem it necessary to review several rulings of the trial court made during the first trial, as we may do under I.R.C.P. 50(c)(1), even though no appeal has been taken from these rulings. "An appeal from a judgment granting or denying a motion for judgment notwithstanding the verdict presents for review all reviewable error against either the appellant or appellee." I.R.C.P. 50(c)(1).

At the trial, plaintiff was allowed to testify over defendant's objection that shortly after she fell, she overheard one of defendant's grocery checkers, Darla McClure, tell the assistant store manager either that the floor was too slick or that it had too much wax on it. This testimony was obviously hearsay. However, if the statement made by Mrs. McClure, an employee of defendant, is binding on defendant, then the trial court could properly admit it as an admission of a party opponent. Clarke v. Blackfoot Water Works, Ltd., 39 Idaho 304, 228 P. 326 (1924). In order for the statement of an employee to be binding on his or her employer, the statement must have been made within the scope of the employee's authority and pertain to the subject matter of the suit. Callahan v. Wolfe, 88 Idaho 444, 400 P.2d 938 (1965); Taylor v. Fluharty, 41 Idaho 511, 239 P. 1049 (1925); Hemminger v. Tri-State Lumber Co., 57 Idaho 697, 68 P.2d 54 (1937). In this case, there is nothing in the record to indicate that Mrs. McClure's authority as a grocery checker extended in any manner to the condition of the floor. If it did, then it surely would only have extended to the floor in the area of the checkstands, which were located in the front of the store. Plaintiff's fall occurred in the rear of the store. The trial court should not have allowed this testimony into evidence without it being first shown that Mrs. McClure's duties extended in some manner to the condition ·of the floor.

The trial court also allowed several witnesses, including plaintiff, to testify over defendant's objection that subsequent to plaintiff's accident the floor appeared to be duller. In Idaho, subsequent changes in conditions or repairs are admissible only if material and relevant to the case at hand. Harvey v. Alturas Gold Mining Co., 3 Idaho 510, 31 P. 819 (1893); Giffen v. Lewiston, 6 Idaho 231, 55 P. 545 (1898); Alsup v. Saratoga Hotel, 71 Idaho 229, 229 P.2d 985 (1951); Zenier v. Spokane International R.R., 78 Idaho 196, 300 P.2d 494 (1956). Here, any change in appearance adds nothing to the question of whether the floor was in an unsafe condition at the time plaintiff fell. Therefore, the trial court should not have allowed this testimony.

Because there is substantial, competent evidence to support the verdict reached by the jury, the judgment of the trial court granting defendant's motion for judgment n. o. v. is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Reversed. Costs to appellants.

SHEPARD, C. J., and McQUADE, J., concur.

BAKES, Justice (concurring specially):

I concur in all of the majority opinion except that part dealing with the admissions of the clerk, Darla McClure, which were, in my opinion, admissible for whatever probative value they may have had.

McFADDEN, Justice (dissenting).

On the basis of the record in this case it is my conclusion that the judgment of the trial court granting the defendant's judgment notwithstanding the verdict should be affirmed.