529 P.2d 266

**Joe NAFUS and Sharon NAFUS, husband and wife, Plaintiffs-Respondents,**

v.

**Mark "Buddy" CAMPBELL, Defendant-Appellant.**

**No. 11548.**

Supreme Court of Idaho.

Dec. 13, 1974.

---

D. James Manning, of Racine, Huntley & Olson, Pocatello, for appellant.

Clark Gasser, of Terrell, Green, Service & Gasser, Pocatello, for respondents.

McFADDEN, Justice.

Joe Nafus and Sharon Nafus, husband and wife (plaintiffs-respondents), instituted this action against Mark "Buddy" Campbell, defendant-appellant, seeking damages allegedly resulting from a trespass over property of the plaintiffs. The plaintiffs alleged that the defendant had trespassed on their property to clear an irrigation ditch located thereon, and that the defendant had changed the course of the ditch, which resulted in water escaping from the ditch and flooding the plaintiff's basement, causing damages.

The defendant, in his answer to the complaint, generally denied the allegations of the plaintiffs' complaint, and as an affirmative defense alleged that any damages the plaintiffs may have suffered were caused by their own negligence.

The issues framed by the pleadings were tried before a jury. The jury in its verdict found for the defendant, and judgment was entered thereon. The plaintiffs filed a motion for new trial or alternatively for judgment notwithstanding the verdict, on the ground "[t]hat there is insufficiency of the evidence to justify the verdict and further, that such verdict is contrary and against the law." The trial court granted plaintiff's motion for judgment notwithstanding the verdict, and the defendant appealed.

■ There is nothing in the record before this court wherein the plaintiff ever pointed out to the trial court that it erred in applying the law in its instructions or rulings on the evidence, nor is any such contention made by the plaintiff to this court. Thus, the only question for resolution on this appeal is whether there was substantial competent evidence before the jury to sustain its verdict.

■ Upon a motion for judgment notwithstanding the verdict, the moving party admits the truth of the adverse evidence and every inference that may be legitimately drawn therefrom, and it should only be granted in the absence of substantial competent evidence to support the verdict. Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966); Bratton v. Slininger, 93 Idaho 248, 460 P.2d 383 (1969); Mann v. Safeway Stores, Inc., 95 Idaho 732, 518 P.2d 1194 (1974).

In the instant case the defendant testified to the effect that he was using a backhoe in cleaning out the ditch which crossed the plaintiffs' property. In the course of this project he cleaned the ditch to a point where Nafus' own tractor was straddling the ditch; he stopped the project near the Nafus tractor, went around it, and continued cleaning beyond it. The plaintiffs in-

troduced circumstantial evidence tending to indicate that the defendant had used his backhoe to relocate the irrigation ditch. Plaintiff Joe Nafus admitted that subsequent to the defendant's use of the backhoe on the ditch, but prior to the running of water on the ditch, he (Nafus) used a hand shovel to clean out four or five feet of ditch.

It is the conclusion of this court that there was substantial competent evidence to sustain the verdict of the jury in this case. The jury could have chosen to disbelieve the testimony of Nafus when he testified that he did not change the course of the ditch, and the jury could reasonably have concluded that the defendant's activities were not the proximate cause of the damages for which recovery was sought. Therefore, the order granting judgment n. o. v. must be vacated. Mann v. Safeway, supra.

■ In granting the motion for judgment n. o. v., the trial court did not pass upon the alternate motion for a new trial, as required by I.R.C.P. 50(c); in this situation we would ordinarily remand the cause to the trial court with instructions to hear argument and rule on the unresolved motion for a new trial. *See* Dawson v. Olson, 94 Idaho 636, 496 P.2d 97 (1972). However, in this case the trial judge who heard the matter has resigned. Under the circumstances, if the case were remanded for consideration of the motion for a new trial, another trial judge would have to pass on the motion on the basis of the same record now before this court, and that trial judge would not have had the opportunity to hear and to see the witnesses as they testified and to determine their credibility. In Van Camp v. Emery, 13 Idaho 202, 89 P. 752 (1907), this court had to deal with a comparable situation. There this court stated:

"It will be remembered that the judge who heard the motion and granted a new trial did so entirely on the evidence as it appeared in the statement of the case; the trial had not taken place before him,

and he had not seen or heard any of the witnesses while testifying. In this condition of the case, we agree with counsel that it becomes our duty to examine and weigh the evidence the same as the *nisi prius* court should do." 13 Idaho at 207, 89 P. at 754.

In Van Camp v. Emery, supra, this court then reviewed the record and held that the new trial should be granted.

Even though generally this court, in passing upon a ruling by the trial court upon a motion for new trial, has held that this court will not disturb the decision of the trial court unless there is an abuse of discretion (Mann v. Safeway Stores, Inc., supra), in this situation, it is incumbent upon this court to make the determination whether a new trial should be granted or not.

■ Keeping in mind that the only grounds set forth in the motion for judgment notwithstanding the verdict and alternatively for a new trial were insufficiency of the evidence to justify the verdict and that the verdict is contrary and against the law, it is the conclusion of this court that a new trial should not be granted. Previously in this opinion it was determined that the verdict was sustained by substantial competent evidence, and it is the opinion of this court that there were no errors in law; in fact, no error is assigned as to the correctness of the jury instructions or rulings on the evidence. We find no basis for the granting of a new trial at this time. *See,* Johnson v. Stanger, 95 Idaho 408, 510 P.2d 303 (1973). *See also* Powell v. Lititz Mut. Ins. Co., 419 F.2d 62 (5th Cir. 1969); Ross v. Chesapeake & Ohio Ry. Co., 421 F.2d 328 (6th Cir. 1970). *See generally,* O'Neil v. W. R. Grace & Co., 410 F.2d 908 (5th Cir. 1969).

The judgment notwithstanding the verdict is reversed; the motion for new trial is denied, and the cause remanded with directions to reinstate the judgment entered on the verdict. Costs to appellant.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.