662 P.2d 1142

Joseph D'ORDINE, Barbara D'Ordine
and Michael D'Ordine,
Plaintiffs-Appellants,

v.

John ZOLLINGER,
Defendant-Respondent.

No. 14502.

Supreme Court of Idaho.

April 28, 1983.

John Ohman, Idaho Falls, for plaintiffs-appellants.

Edward W. Pike, Idaho Falls, for defendant-respondent.

PER CURIAM.

The sole issue properly brought before us is raised by the D'Ordines' contention that the trial court erred in not granting the D'Ordines' motion for the entry of judgment in their favor as a matter of law, which motion followed the entry of a final judgment based upon a special verdict which in essence was a jury finding that neither party was entitled to prevail.

D'Ordine and wife sold an Idaho Falls restaurant and lounge property to Zollinger on a $160,000 contract, with a $10,000 down payment. Zollinger was contractually required to and did purchase fire insurance, but the policy did not show the D'Ordines interest as required by the contract. The contract also required the D'Ordines' compliance with the Bulk Sales Law, which Zollinger claimed had not taken place and for which reason he ceased making payments. In the ninth week of the contract, the premises were damaged by fire, which was declared to have been occasioned by faulty wiring of which the D'Ordines were said to have had knowledge, and which knowledge Zollinger claimed was not passed on to him. The insurance company responded to Zollinger's claim against it and the premises were restored—not adequately according to the D'Ordines' trial testimony, contradicting Zollinger's testimony that the restoration put the premises back in their pre-fire condition.

The D'Ordines' complaint appears to have been predicated upon a claim for specific performance or for judicial rescission of the contract, the specific language of the prayer requesting judgment "in the alternative, for the contract balance, for an amount equal to the present delinquency, and declaring the purchase agreement between the parties null and void; and ordering defendant to pay to plaintiffs that amount proven at trial as necessary to restore the premises to their condition at the time of

the execution of said agreement, together with reasonable attorneys' fees and court costs."

Zollinger's answer was coupled with a counterclaim fundamentally seeking judicial rescission of the contract on the basis of fraudulent nondisclosure of the inadequate wiring, failure to comply with the Bulk Sales Law, and failure to fulfill the contract with respect to supplying a state liquor license. Zollinger's pleading demanded a jury trial. To this demand no objection was interposed; the evidence pro and con on the claims of the parties was presented to a jury; and the equitable issue raised by the pleadings was submitted to the jury for decision. This was accomplished by a form of special verdict drawn by the court, to the form and substance of which neither party interposed any objection.

The first three of four special interrogatories asked the jury to resolve Zollinger's contention that he was entitled to rescission on the grounds of fraudulent nondisclosure as to faulty wiring, on the grounds of fraud relative to the Bulk Sales Law, and the grounds of fraud pertinent to the liquor license. As noted in the three interrogatories,[1] the jury was specifically referred to instructions which informed the jury as to the law to be applied in its determination of the rescission issue thus presented. The jury answered "no" to each question, and in turn went on to answer interrogatory number four, by which the jury was asked to resolve the D'Ordines' claim that Zollinger be specifically compelled to comply with his obligation to purchase.[2] The jury again said "no." The court thereupon entered a general judgment on a printed form, which did not recite the name of the party in whose favor judgment was entered, did say costs were to be determined without naming in whose favor, and referred to the special verdict apparently to demonstrate the nature of the judgment being thusly entered.

On that state of the record, the D'Ordines timely moved for a judgment n.o.v., "on the ground and for the reason that the verdict rendered herein resolved all factual issues in favor of plaintiffs and as a matter of law plaintiffs are entitled to judgment on their complaint." No other motions were made. The trial court, in denying the motion, observed:

"It is obvious that one could claim a discrepancy in the way the jury answered the questions. There was substantial evidence to support a finding that the defendant was entitled to rescind the contract, especially on the issue of the failure

1. "*Question No. 1.* Is the Defendant, John Zollinger, entitled to rescind the contract of sale in question because of false and fraudulent representations by the Plaintiffs as to the condition of the electrical wiring?

"In answering this question, you should give attention to Instruction No. 16 and make a determination whether each of the eight requirements are satisfied.

"*Question No. 2.* Is the Defendant, John Zollinger, entitled to rescind the contract of sale in question because of false and fraudulent representations by the Plaintiffs as to the furnishing of a list of creditors of the Townhouse Restaurant in accordance with the terms of the contract?

"In answering this question, you should give attention to Instruction No. 17 and make a determination whether each of the eight requirements are satisfied.

"*Question No. 3.* Is the Defendant, John Zollinger, entitled to rescind the contract of sale in question because of false and fraudulent

representations by the Plaintiffs as to the furnishing of a lease agreement on the liquor license?

"In answering this question, you should give attention to Instruction No. 18 and make a determination whether each of the eight requirements are satisfied.

"If you have answered any one of the three previous questions as yes, then you need not answer the next question, but only need sign the verdict. If you have answered each of the first three questions in the negative, then answer the next question."

2. This question, verbatim, is as follows:

"*Question No. 4.* Are the Plaintiffs entitled to have the terms of the contract of sale enforced which would result in the Defendant making the balance of the payments as called for and receiving the business assets as provided for in contract?"

to comply with the bulk sales law. There was also substantial evidence to support a finding that the plaintiffs were entitled to enforce the contract. It would not be proper for the Court to disregard the findings of the jury that the plaintiffs were not entitled to enforce the contract. And it would likewise be just as improper to disregard the findings that the defendant is not entitled to rescind. There being substantial evidence for both sides, it would be improper for the Court to grant a judgment notwithstanding. See *Mann v. Safeway* 95 Idaho 732 [518 P.2d 1194] (1974).

"By the use of hindsight the Court would have worded the special questions differently. The solution would seem either for the plaintiffs to keep the $10,000 down payment and take back the property or to seek a new trial."

As pointed out to us at oral argument, the new trial solution suggested by the trial court was no longer available at the time the court presented it as a possibility.[3] We do agree with the court's hindsight questioning of the language of the four questions presented to the jury, and for certain our failure to discuss the propriety of placing the resolution of equitable issues in the hands of a jury is not to be taken as an endorsement. The sole issue presented to us is that of alleged error in not awarding a judgment n.o.v.

In *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 518 P.2d 1194 (1974), this Court examined the circumstances under which a judgment notwithstanding the verdict may be entered by a trial court and there stated:

"A motion for judgment n.o.v. admits the truth of the adverse evidence and every inference that may be legitimately drawn therefrom. . . .

. . . .

". . . In the *Dawson [v. Olson]* case, [94 Idaho 636, 496 P.2d 97 (1972)] this Court stated:

" 'Before reviewing these arguments we acknowledge at the outset we are entering the province of the jury and may not uphold the judgment n.o.v. unless the facts are undisputed and permit only one reasonable conclusion to be reached after all inferences are drawn in favor of appellants." 94 Idaho at 640, 496 P.2d at 101.

". . . [T]he proper test to be applied in determining whether it is proper to grant judgment n.o.v. is . . . a motion for judgment n.o.v. should not be granted when there is substantial competent evidence to support the verdict of the jury."

95 Idaho at 734–35, 518 P.2d at 1196–97. Having reviewed the evidentiary record as referred to in the briefs and argument of counsel, we are not persuaded that the trial judge erred in his view that there was substantial evidence, though contradicting and conflicting, which denied it the right to hold that the D'Ordines were entitled to judgment as a matter of law.

Judgment affirmed. Costs, sans attorney's fees, awarded to respondent.

---

**3.** Counsel for the D'Ordines explained at oral argument that their dissatisfaction with the jury resolution of the case caused them to disregard his advice that they also move for a new trial in moving for judgment n.o.v.