Alonzo L. ROSS, Plaintiff-Appellant,

v.

The CHESAPEAKE & OHIO RAILWAY COMPANY, Defendant-Appellee.

No. 19595.

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 1970.

Harold H. Sayre, Cleveland, Ohio, Samuel T. Gaines, Metzenbaum, Gaines, Krupansky, Finley & Stern, Cleveland, Ohio, on brief, for appellant.

Robert B. Preston, Cleveland, Ohio; Byron D. Fair, Arter & Hadden, Cleveland, Ohio, on brief, for appellee.

Before PECK and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PECK, Circuit Judge.

Appellant was injured while working for the Chesapeake & Ohio Railway Company (hereinafter "appellee") and brought suit against his employer under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§ 51–60. Appellant alleged that his back injury was caused by the negligence of the appellee in failing to provide him with a safe place in which to work. After a favorable jury verdict for appellant and the entering of judgment thereon, the District Court granted appellee's motion for judgment notwithstanding the verdict (n. o. v.) and "contingently" granted appellee's motion for a new trial.

Appellant contends that the District Court erred in granting the motion for judgment n. o. v. since his evidence supported the conclusion of the jury that his injury resulted in whole or in part from the negligence of appellee.[1] Appellant also states that the contingent granting of the motion for new trial was improper.

We note at the outset that the controlling test for determining whether a case for jury submission has been made, as stated by the Supreme Court in Rogers v. Missouri Pacific R. Company, 352 U.S. 500, at 506, 77 S.Ct. 443, at 448, 1 L.Ed.2d 493 (1957), is "[Do] the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." This Court has stated before that even though the appellant's negligence played an important part in his accident and injury and even if some minds might conclude that it was the sole factor, the jury may consider evidence that appellee's negligence played some part in producing the injury. Miller v. Cincinnati, New Orleans, and Texas Pac. Ry. Co., 6 Cir., 317 F.2d 693, 700 (1963).

The events leading up to the incident are undisputed. Appellant was working the night shift as a machinist for the railroad and he was servicing a locomotive in a large shed. While inspecting the engine, he found that oil had to be added, but discovered that there were no drums of oil spotted in the shed for his use on this locomotive. He then proceeded to search the immediate area for some help from the rest of the crew and found no one. During the course of his search, he also went out the front of the shed and looked across the railroad yard into the foreman's office. He did not see anyone there. Finally, he went to the storage place for oil, tipped a drum over and rolled it back to the shed. He suffered a pain in his back while moving this 55 gallon oil drum, weighing about 600 pounds.

Appellant attributes his back injury to this incident and contends that the negligence of the appellee in not maintaining a supply of oil at this location and in not providing a barrel cart (designed specifically for use by one man) to move the oil drum contributed to his injury. Appellant states that he acted reasonably in attempting to move the large oil drum by himself since he needed the oil to finish his job, and no one was available to help.

The District Court granted appellee's motion for judgment n. o. v. It found that the evidence failed to establish negligence on the part of the railroad, holding that appellant had no duty or right to move the oil drum; that he failed to follow the established proce-

---

1. The F.E.L.A., Section 51, provides in part:

"Every common carrier * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

dure of notifying the foreman of the need for oil and that his efforts to locate the foreman or someone to move the oil drum for him were "less than exhaustive." The latter point may be disposed of by the observation that appellant was under no duty to conduct an "exhaustive" search in the circumstances.

█ It cannot be said that the record contains no evidence to support the jury's finding that appellant's injury resulted at least in part from the negligence of the appellee. We hold that the reasonableness of appellant's actions in searching for help and in moving the oil drum, and the alleged failure of the appellee to supply this oil where needed, or the necessary help, or the equipment to move the oil by himself, created questions which were properly submitted to the jury. Rogers v. Missouri Pacific R. Company, *supra*; Miller v. Cincinnati, New Orleans, and Texas Pac. Ry. Co., *supra*; Padgett v. Southern Ry. Co., 6 Cir., 396 F.2d 303, 307 (1968).

The jury found both parties negligent. It answered special interrogatories in this manner:

"1. Negligence of railroad—failure to provide oil and necessary equipment and adequate help for the safe performance of work."

The jury also volunteered this finding:

"2. Negligence of plaintiff—not exercising prudence in his work in attempting to move the oil drum."

Since we find that there was an evidentiary basis for the jury's verdict, the action of the District Court in granting the judgment n. o. v. must be reversed.

█ The second question raised on this appeal is directed to the propriety of the District Court's action granting appellee's alternative motion for a new trial. Acting under Rule 50(c) (1), Federal Rules of Civil Procedure, the trial judge "contingently" granted this motion. That paragraph of the Rule provides that where a motion for judgment notwithstanding the verdict is granted, the court shall also rule on any pending motion for a new trial, "by determining whether it should be granted if the judgment is thereafter vacated or reversed, *and shall specify the grounds for granting or denying the motion for the new trial.*" (Emphasis supplied.) The order here under review, however, does not specify the grounds for the "contingent" granting of the motion and a review of the record discloses no sound basis therefor. As has been hereinabove stated, the jury did in fact find that the defendant was guilty of negligence, and we have concluded that there is evidence in the record from which the jury could find that the injuries complained of resulted at least in part from appellee's negligence. In the Court's instruction, following a full definition of negligence, proximate cause and contributory negligence, the District Judge charged the jury,

"[I]f you should here find that both Plaintiff and Defendant were negligent in directly causing injury to the Plaintiff, and such want of ordinary care on the part of both Plaintiff and Defendant directly and proximately contributed to the injury of which he complains, then your deliberations will go to the question of the percentage of negligence for which you consider each to be responsible, and you will award damages as we will inform you."

The Court then continued to accurately and in detail instruct the jury as to the method of apportioning negligence between the parties and of determining the amount of damages to be assessed on the basis of such apportionment of negligence. In view of the proper instruction of the applicable law given and of the presumption that the amount of damages was determined by the jury on the basis of that instruction, and of our conclusion that the record is otherwise bereft of error prejudicial to the appellee, we find no reason to cause or permit the case to be retried.

The judgment notwithstanding the verdict entered in favor of the defend-

ant-appellee will be vacated and set aside, and the judgment entered October 10, 1968, in favor of the plaintiff-appellant pursuant to jury verdict will be reinstated.