Steven A. LONG, Plaintiff,

v.

**CSX TRANSPORTATION, INC., Defendant.**

No. C–1–92–228.

United States District Court, S.D. Ohio, W.D.

July 29, 1993.

Colleen Marie Hegge, Waite, Schneider, Bayless & Chesley Co—1, Cincinnati, OH, for Steven A. Long.

James Lacey O'Connell, Lindhorst & Dreidame Co—1, Cincinnati, OH, for CSX Transp., Inc.

## ORDER

HERMAN J. WEBER, District Judge.

Plaintiff Steven A. Long, a former employee of defendant CSX Transportation, Inc., brings this action through counsel under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 et seq., for injuries he suffered at work on September 26, 1989. This matter is before the Court upon defendant's motion for summary judgment (doc. no. 11), plaintiff's responses (doc. nos. 12, 17), defendant's reply (doc. no. 13), and defendant's motion to amend answer (doc. no. 20).

### I.

On September 26, 1989, plaintiff was working as a machinist at defendant's facility in Raceland, Kentucky. He worked outdoors in an area with three other men. Their work involved cleaning and inspecting axles.

A forklift operator would set an axle holding two wheels onto a track near plaintiff's work area. The track was thirty to fifty yards long and would hold many sets of wheels, each set weighing approximately 2500 pounds. The wheels rolled down in pairs to plaintiff's work station for inspection and cleaning. A chain was available to prevent the wheels from rolling into plaintiff's work area.

Plaintiff would remove the roller bearings from the ends of the axle, inspect the axle for pitting or rusting, and clean it using a solvent and a "buffer machine." Plaintiff claims that the method which defendant's employees had instructed him to use when cleaning the axles required him to turn his back to the oncoming wheels, and to bend and squat while applying the cleaning solvent to the axle. A metal bar attached to the buffer machine extended over his head while he squatted to apply the cleaning solvent.

Plaintiff alleges that on September 26, 1989, while he was bending underneath the metal arm of the buffer machine he was startled by an exceptionally loud clanging noise. Fearing for his safety, plaintiff straightened up suddenly and hit his head on the metal arm of the buffer machine. Plaintiff and his co-workers had not placed the chain in front of the wheels. They only used the chain when it was convenient, and on prior occasions they had seen wheels jump over the chain. *See* doc. no. 12, Long's dep., pp. 38–39.

Plaintiff claims that the noise he heard was caused by "wheels banging together." *Id.* at 30. He had heard the noise frequently while on the job. The noise that startled him "was real close by [him] and behind [him]," and "exceptionally loud". *Id.* at 30–31. He states that the noise occurred "probably within 20 to 25 feet" behind him. *Id.* at 34. No wheels actually moved toward plaintiff; the nearest set was approximately five feet away. *Id.* at 36. Plaintiff alleges that he had nearly been struck by wheels three or four times during the few months prior to the date of his accident.

Plaintiff cannot recall ever hitting his head on the bar prior to September 26, 1989. *Id.* at 25. He also does not recall hearing any other worker complain about hitting his or her head on the bar. Neither plaintiff nor anyone known by plaintiff ever suggested to defendant that the organization of his work area should be modified to make it safer. *Id.* at 25–26, 40. Plaintiff worked on thousands of wheels without suffering an accident or injury prior to September 26, 1989. *Id.* at 26. He is unaware of anyone ever being struck by a set of rolling wheels. *Id.* at 40; *see also* Broughman's dep., pp. 9–11. He is also unaware of any defect in the equipment in his work station (Long's dep., p. 29).

Plaintiff was wearing a hard hat when he struck his head on the bar. After the incident his neck hurt. He resumed work, however, and filled out an accident report during his lunch hour. Plaintiff did not seek medical treatment that day, and he continued to work the following days. About one month after the incident, plaintiff developed a "jaw problem." *Id.* at 43. Plaintiff's jaw "just started aching and ... feeling funny, the joint on it." *Id.* Approximately six months later, plaintiff began experiencing pain in his

shoulder and left arm while still suffering jaw and neck pain.

## II.

Plaintiff claims that defendant is liable for his injuries under FELA in the following ways:

(1) by failing to provide him with a reasonably safe place to work;

(2) by failing to adopt safe methods of performing the inspection and cleaning of the axles;

(3) by failing to provide him with safe and proper tools and equipment to perform his work;

(4) by failing to assign a sufficient number of employees to safely perform the work;

(5) by failing to inspect and maintain its premises;

(6) by failing to inspect and maintain its tools and equipment;

(7) by failing to provide proper supervision of the work area where plaintiff was injured; and,

(8) by failing to warn plaintiff.

(doc. no. 1, pp. 2–3).

Defendant argues that summary judgment in its favor is proper because plaintiff has presented no evidence upon which a reasonable juror could conclude that CSX proximately caused his injuries.

Plaintiff contends that summary judgment in defendant's favor is not proper since a trier of fact could reasonably conclude that there was some negligence on defendant's part in allowing the forklifts to drop heavy wheels onto a track that led directly to plaintiff's work area where plaintiff was instructed to stand with his back to the oncoming wheels. Plaintiff emphasizes that the placement of the metal arm of the buffer, coupled with defendant's practice of requiring workers to apply cleaning solvent to wheels as they roll under the bar is, in and of itself, an unreasonably dangerous situation that proves defendant's negligence.

The legal standard for consideration and disposition of issues on summary judgment is well settled and is set forth in *Goldstein v.*

*D.D.B. Needham,* 740 F.Supp. 461, 463 (S.D.Ohio 1990).

## III.

■ The Federal Employer's Liability Act provides in part:

Every common carrier by railroad while engaging in commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier ...

45 U.S.C. § 51. To establish a violation of FELA a plaintiff must prove the traditional common law elements of negligence: duty, breach of duty, foreseeability, and causation. *Adams v. CSX Trans., Inc.,* 899 F.2d 536, 539 (6th Cir.1990).

■ One major difference between a statutory FELA action and a common law negligence action exists in the element of causation. In order to satisfy the "causation" element in a FELA action, a plaintiff need only show that the employer "in whole or in part" caused his or her injury. *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1956). To determine whether an employee has presented a jury question on causation in a FELA action, "the test ..., is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Id.* at 506, 77 S.Ct. at 448 (emphasis added); *see also Ross v. Chesapeake & Ohio Railway Company,* 421 F.2d 328, 329 (6th Cir.1970).

■ "An employer's duty of care in a FELA action turns in a general sense on the reasonable foreseeability of harm." *Ackley v. Chicago and North Western Transp. Co.,* 820 F.2d 263, 267 (8th Cir.1987). "The employer's conduct is measured by the degree of care that persons of ordinary, reasonable prudence would use under similar circumstances and by what these same persons would anticipate as resulting from a particular condition." *Id.* In general under FELA,

as the risk to an employee increases, an employer's duty increases. *Id.*

■ FELA requires an employer to use reasonable care in furnishing employees with a safe place to work. *Adams,* 899 F.2d at 539; *Padgett v. Southern Railway Company,* 396 F.2d 303, 306 (6th Cir.1968). The question is not whether the employer placed its employees in a locale which proved unsafe, but whether the employer, by failing to exercise all reasonable care, permitted in any manner the existence of an unsafe work environment. *Padgett,* 396 F.2d at 306.

■ Defendant in the instant case is entitled to summary judgment in its favor because plaintiff has failed to submit more than a scintilla of evidence indicating that the accident he suffered was reasonably foreseeable to defendant. It is undisputed that plaintiff never notified defendant of a dangerous condition or procedure in the area where he cleaned and inspected axles. It is undisputed that plaintiff had cleaned and inspected thousands of axles without injury or accident prior to September 26, 1989. Plaintiff acknowledges that he is unaware of anyone being struck by a set of rolling wheels. He is also unaware of any defect in the equipment in his work station. The record therefore lacks evidence showing that it was reasonably foreseeable to defendant that an employee could suffer an injury while cleaning an axle by suddenly standing upright in response to an exceptionally loud noise and striking his head on the arm of a buffer machine. Under these circumstances, moreover, no reasonable juror could conclude that the alleged omissions committed by defendant—unsafe or inadequate tools, a lack of sufficient number of workers, inadequate supervision, inadequate inspection and maintenance of the premises, and failure to warn—constituted negligence which caused plaintiff's injury.

■ This Court is cognizant that plaintiff need only show the existence of the "slightest" negligence to avoid dismissal on summary judgement in this FELA action. *See Rogers,* 352 U.S. at 506. This low threshold, however, does not extinguish plaintiff's burden on summary judgment of producing affirmative evidence showing that at least a slight amount of negligence committed by defendant caused him harm. *See Street v. J.C. Bradford & C.,* 886 F.2d 1472, 1479 (6th Cir.1989). Plaintiff has failed to meet this burden since the record lacks affirmative evidence showing that it was reasonably foreseeable to defendant that an employee could suffer an injury while cleaning an axle by suddenly standing upright in response to an exceptionally loud noise and striking his head on the arm of a buffer machine.

Accordingly, defendant's motion for summary judgment is well taken.

### ORDER

The Court hereby **ORDERS** that:

(1) Defendant's motion for summary judgment (doc. no. 11) is **GRANTED,** and plaintiff's complaint is **DISMISSED** with prejudice;

(2) Defendant's motion to amend answer (doc. no. 20) is **DENIED** as moot.

The case is terminated on the docket of this Court.

**IT IS SO ORDERED.**