INGRAM, Justice
(dissenting).
I believe that the dispositive issue in this case is whether CSX breached its duty to provide a safe workplace and its duty to provide a sufficient number of employees to assist Fox in performing his work. After an extensive review of the record, I have concluded that CSX did not breach these duties to Fox.
The FELA places a duty upon the railroad employer to provide adequate assistance to its employees. Beeber v. Norfolk Southern Corp., 754 F.Supp. 1364 (N.D.Ind.1990); Ross v. Chesapeake & Ohio Ry., 421 F.2d 328 (6th Cir.1970). However, the record shows that soon after the payroll consolidation had taken place, CSX provided Fox with extra workers to help him handle the backlog of work that had built up during the consolidation. CSX then withdrew the extra support personnel once the work was brought up to date and Fox was able to perform his duties by himself. Fox testified that he was able to accomplish his assigned tasks within his 5-day, 40-hour work week without extra help, although he insists that doing so was physically difficult and contributed to his injuries. Nonetheless, the record further indicates that while Fox was on sick leave or holiday, another employee was able to accomplish Fox’s tasks within the same time. The totality of the evidence demonstrates that CSX did not breach its duty to provide adequate assistance to Fox, because there is no indication that Fox required additional assistance to perform his payroll tasks after the consolidation was complete.
The FELA also requires railroad employers to provide their employees with a reasonably safe work environment. Beeber, supra; Shenker v. Baltimore & Ohio R.R., 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963); Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). However, this duty is not absolute, and all that is required is that the company use reasonable care in fulfilling this duty. Carlew v. Burlington Northern R.R., 514 So.2d 899, 901 (Ala.1987). Further, the railroad employer is not required to provide its employees with the latest, best, or most perfect appliances with which to work, but *435 those provided must be reasonably safe and suitable. Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525, 527 (5th Cir.1951).
The record indicates that CSX used reasonable care in providing Fox with a safe workplace. When Fox complained that his chair was not adjustable, CSX furnished him with an adjustable chair. Fox testified that his complaint about the second chair was only that he had to readjust it two or three times a day to remain comfortable. Although CSX did not replace Fox’s desk, the evidence shows that the desk was also adjustable. Although Fox worked at the adjustable desk for over a year, he testified that he made no attempt to ascertain whether he could alter its height. There is simply no evidence to show that Fox’s chair and desk were not reasonably safe and suitable.
Because I believe that CSX did not breach its duties to Fox, I believe that the trial court’s judgment should be affirmed. Therefore, I respectfully dissent.
HOUSTON and STEAGALL, JJ., concur.