491 P.2d 1256

**Deloy GILES, Plaintiff-Appellant,**

v.

**MONTGOMERY WARD COMPANY,**
**Defendant-Respondent.**

**No. 10789.**

Supreme Court of Idaho.

Dec. 22, 1971.

Gee & Hargraves, Pocatello, for plaintiff-appellant.

Ben Peterson, Pocatello, for defendant-respondent.

McFADDEN, Justice.

Appellant Deloy Giles brought this action against respondent Montgomery Ward Company for injuries he sustained when he fell in respondent's store in Pocatello. The complaint alleged negligence on the part of the respondent in maintaining a floor which was made slippery by some foreign substance. Subsequently respondent moved for summary judgment.

The district court entered summary judgment in favor of respondent since the deposition and affidavits revealed that appellant could not establish any negligence on the part of the respondent.

The following facts appear undisputed from the various affidavits submitted by the parties, and from appellant's deposition taken by respondent. On December 14, 1967, Mr. Giles and his young son were shopping in the Montgomery Ward Company store in Pocatello. After making a purchase Giles walked to another part of the store. It was at this time that he fell, suffering a broken ankle. Because of an injury suffered some years before, it was necessary for Giles to use a cane in order to walk. In his deposition Giles stated "all of a sudden my cane just shot out from underneath me forward, and I don't know

how many feet it went out there, and I balanced for a few seconds and I fell down." He stated something slippery caused his cane to slip, but he was unable to identify what it was that was slippery. In his affidavit submitted after his deposition he stated that his fall was definitely caused by some moist or slippery substance on the floor which caused his cane to slip.

Giles' statements in his deposition and affidavit fail to disclose that he personally observed any object or substance on the floor. The affidavit of a customer in the store who helped Giles after his fall contains the following:

"* * * that your affiant personally examined the floor in the area where the man [Giles] fell and did not observe anything on the floor which could have caused the man's fall [Giles] and your affiant observed that the floor was not wet or moist anywhere in the area where the plaintiff fell, and that there was no sign of snow or ice or any other objects there which could have caused the plaintiff's fall * * *."

The question then is whether the record presents any genuine issue of material fact as to the existence of a condition rendering the floor unsafe. Appellant's claim of negligence is based solely on his allegation that there was something slippery which caused him to fall. The affidavit of the customer is not, however, a mere conclusion but is a personal observation of fact and contradicts Giles' conclusion.

▉ Appellant asks that this case be allowed to proceed on the basis of an alleged unsafe condition which evidently was not observed by anyone. To establish liability for negligence on the part of a landowner as against an invitee it must be established that the landowner failed to keep the premises in a reasonably safe condition, or failed to warn the invitee of hidden or concealed dangers of which the owner or one in charge knew or should have known by the exercise of reasonable care. Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965). See also, Montgomery Ward & Co. v.

Lamberson, 144 F.2d 97 (9th Cir., 1944). The record here fails to show the actual existence of some substance on the floor, or that there was a danger of which the respondent was, or should have been, aware and of which danger it failed to give warning.

While it is settled law that doubts are to be resolved against the party moving for summary judgment (Tri-State National Bank v. Western Gateway Storage Co., 92 Idaho 543, 447 P.2d 409 (1968)), at the same time the opposing side cannot be permitted to hide proof upon which he plans to rely to establish his claim. I.R.C.P. 56(e) provides in pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. * * *."

▉ If appellant had any further evidence dealing with this issue he had to come forth with it. At best the record offers only a suggestion that the floor was slippery in a tiny spot. The record lacks any evidence that this condition was known to the respondent or any of its employees, or that it was of such a nature that the respondent, in exercising reasonable care for the safety of its customers, should have been aware of such a condition. This is insufficient to present any genuine issue of material fact. Tri-State Nat'l Bank v. Western Gateway Storage Co., *supra*; Petricevich v. Salmon River Canal Co., 92 Idaho 865, 452 P.2d 362 (1969).

▉ Appellant has assigned as error the use and consideration by the court of an affidavit made by respondent's store manager. This affidavit was partially based on hearsay information, which would be inadmissible in evidence, but it also contained other statements made by affiant based on his own personal knowledge. I.

R.C.P. 56(e) requires that affidavits be made on personal knowledge and "shall set forth such facts as would be admissible in evidence." Appellant moved to strike this affidavit but the record fails to show any consideration being given this motion by the district court. That portion of the affidavit based on hearsay testimony should not have been considered by the court, but it becomes immaterial in this case inasmuch as the hearsay facts did not affect the issues involved in the ultimate determination here.

The summary judgment is affirmed. Costs to respondent.

McQUADE, C. J., DONALDSON and SHEPARD, JJ., and MAYNARD, District Judge, concur.