585 P.2d 1275

Robert SORENSEN and Carolyn Sorensen, Plaintiffs-Respondents,

v.

Robert V. PICKENS d/b/a Pickens Construction Co., Defendant-Appellant.

No. 12464.

Supreme Court of Idaho.

Sept. 20, 1978.

Rehearing Denied Nov. 20, 1978.

R. M. Whittier, John C. Souza, Pocatello, for defendant-appellant.

John K. Looze of Dial & Looze, Pocatello, for plaintiffs-respondents.

PER CURIAM.

This is an appeal from a judgment entered on a jury verdict in an action brought by the Sorensens (plaintiffs below, respondents here) against Pickens (defendant below, appellant here) for defective construction of a house. We affirm.

Pickens contracted to build a house for the Sorensens from plans furnished by the Sorensens. Following occupancy by the Sorensens problems developed primarily with the roof and leakage therefrom. Plaintiffs' principal theory was breach of the warranty of habitability, and the evidence consisted principally of expert opinion testimony. *See Bethlahmy v. Bechtel*, 91 Idaho 55, 415 P.2d 698 (1966). Although appellant asserts to the contrary, we find the verdict and judgment are supported by sufficient evidence. Appellant Pickens asserts error by the trial court in failing to give certain instructions and also in giving instructions alleged to be erroneous. We have examined the record and find no error. Pickens also claims error in allowing certain witnesses to testify as experts and state their opinion. Also asserted as error are certain procedural steps taken at trial by the court during the examination of the expert witnesses. We have examined the record and find no prejudicial error. Whether a witness is sufficiently qualified as an expert to state an opinion is a matter which is largely within the discretion of the trial court. *Bean v. Diamond Alkali Co.*, 93 Idaho 32, 454 P.2d 69 (1969).

The judgment and orders of the trial court are affirmed. Costs to respondent.