663 P.2d 1089

Alene L. CURTIS, Plaintiff-Appellant,

v.

A. Neil DeATLEY and Patricia M. DeAtley, husband and wife, Metallic Arts and A.W. Pistol, a corporation, Defendants-Respondents.

No. 13395.

Supreme Court of Idaho.

May 13, 1983.

Eugene Schuster, of Critchlow, Williams, Ryals & Schuster, Richland, Wash., and Danny Jay Radakovich, of Rapaich & Knutson, Lewiston, for plaintiff-appellant.

Reed Clements, of Clements, Clements & Brown, Lewiston, for defendants-respondents DeAtleys.

Michael E. McNichols, Orofino, for defendants-respondents Metallic Arts and A.W. Pistol, Inc.

DONALDSON, Chief Justice.

In 1971 the DeAtleys, the defendants in this action, purchased a chandelier and installed it in the dining room of their home. The chandelier, weighing approximately

twenty-six pounds, was held to the ceiling by a threaded pipe that screwed into a retaining bracket that was attached to the ceiling. The plaintiff, Mrs. Curtis, a sixty-year-old woman, worked as a live-in cook and housekeeper for the DeAtleys from January 1975 until August 1975. On August 5, 1975, she was allegedly injured while cleaning the chandelier. The plaintiff testified that on the day of the accident she sprayed a portion of the chandelier with a cleaning substance, turned to set the spray down and heard a popping or cracking noise. She stated that she instinctively turned towards the chandelier, grabbed it as it fell from the ceiling and sustained an injury. An examination of the chandelier after the accident showed that it fell because the threaded pipe had unscrewed from the retaining bracket. The plaintiff cleaned the chandelier approximately once a month and it was suggested by Mrs. DeAtley that when cleaning it she rotate it one-half turn in each direction.

On January 5, 1977, Mrs. Curtis filed a complaint alleging negligence against the DeAtleys. On July 15, 1977, she filed an amended complaint alleging negligence and strict liability against Metallic Arts, the supplier of the chandelier, and A.W. Pistol, Inc., the New York distributor of the chandelier. The trial took place on May 15, 1979, and after the presentation of the plaintiff's case, the defendants moved for a directed verdict pursuant to I.R.C.P. 50(a).[1] In granting the directed verdict the district court stated that it could find no evidence of a defect in design, and therefore, ruled that as a matter of law there was no substantial evidence to justify submitting the claim of strict liability to the jury. He also ruled that as a matter of law there was no substantial evidence to support the claim of negligence because there was no evidence of any negligence on the part of Metallic

Arts, A.W. Pistol or the DeAtleys. After granting the directed verdicts in favor of all the defendants the district court then ordered that costs and attorney fees be granted to the defendants. This appeal followed.

Concerning a motion for a directed verdict this Court has stated that:

"On a motion for a directed verdict pursuant to I.R.C.P. 50(a) ... the moving party admits the truth of the adverse evidence and every inference which may *legitimately be drawn therefrom.* *Barlow v. International Harvester Co.,* 95 Idaho 881, 522 P.2d 1102 (1974); *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 518 P.2d 1194 (1974). It is improper to grant either motion if there is substantial evidence to justify submitting the case to the jury or to support the verdict once it is returned. *Barlow v. International Harvester Co., supra; Mann v. Safeway Stores, Inc., supra.* To be 'substantial,' the evidence need not be uncontradicted. All that is required is that there be evidence of such sufficient quantity and probative value to support the party against whom the motion is directed so that reasonable minds *could* conclude that there is evidence upon which the jury *could* properly find a verdict for that party. *Barlow v. International Harvester Co., supra; Mann v. Safeway Stores, Inc., supra.*" *Owen v. Burcham,* 100 Idaho 441, 447, 599 P.2d 1012, 1018 (1979).

Because the moving party admits the truth of the adverse evidence, this Court, in determining whether there is substantial evidence to submit the case to the jury, will examine the evidence in favor of the plaintiff and will not consider any conflicting evidence presented by the defendants. *See Brand S Corp. v. King,* 102 Idaho 731, 639 P.2d 429 (1981).

---

1. "RULE 50(a). MOTION FOR DIRECTED VERDICT—WHEN MADE—EFFECT.—A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."

■ Firstly, the trial court dismissed the claim because he did not find any evidence of a defect and the plaintiff argues that there was substantial evidence to justify submitting the strict liability claim against Metallic Arts and A.W. Pistol, Inc. to the jury. In order to recover under a strict liability claim, the plaintiff must prove the existence of a defect, *Rindlisbaker v. Wilson*, 95 Idaho 752, 519 P.2d 421 (1974), but the plaintiff need not prove a specific product defect. *Farmer v. International Harvester Co.*, 97 Idaho 742, 553 P.2d 1306 (1976). A prima facie case may be proved through direct or circumstantial evidence. *Farmer, supra; Fouche v. Chrysler Motors Corp.*, 103 Idaho 249, 646 P.2d 1020 (Ct.App. 1982).

■ In an effort to prove that a design defect existed the plaintiff called a mechanical engineer as an expert witness. The plaintiff asked for his opinion on whether or not the chandelier was defective. Before giving his opinion the defendants objected on the ground that the engineer was not qualified to testify concerning a lighting fixture and that his basic expertise was in aircraft, nuclear energy and munitions and not in lighting fixtures. This objection was overruled. "Whether a witness is sufficiently qualified as an expert to state an opinion is a matter which is largely within the discretion of the trial court." *Sorensen v. Pickens*, 99 Idaho 564, 564, 585 P.2d 1275, 1275 (1978) (citing *Bean v. Diamond Alkali Co.*, 93 Idaho 32, 454 P.2d 69 (1969)). We find no abuse of that discretion.

After the district court allowed the expert witness to give his opinion the witness indicated that the design of the chandelier was defective in three respects: (1) "that the use of the threaded nipple with no anti-rotation locking device was not a reasonably safe procedure, not a reasonably safe mechanical design;" (2) there was "nothing incorporated into the design which precluded a faulty installation;" and (3) there was "nothing incorporated into the design ... [to allow] a person to, say, observe on a casual basis that something was wrong."

In ruling on the motions for directed verdicts the district judge, after allowing the expert to testify, disregarded the expert's testimony set forth above and found that it was "incredible or uncredible as a matter of law." He stated,

"THE COURT: Well, we are back to the argument again on the lock nut and I want to make it plain that although it is the Jury's duty to determine the credibility of the witness, there comes a time when credibility of a witness may be determined to be incredible or uncredible as a matter of law. I knew—and I am not a mechanic—but I knew before that experiment was conducted that a lock nut wasn't going to make any difference and if a man who is a mechanical engineer doesn't know that little bit about threads, then he has no qualifications whatsoever and he is totally unbelievable. Now I want that part for the record because if you appeal this thing, I want that to be clear."

The district judge determined this after the expert testified that two lock nuts would operate as an anti-rotation device and an experiment using two lock nuts failed to prevent the chandelier from turning and the parts from separating. The court's statements indicate that he was not reversing his earlier ruling as to the expert's qualifications to testify, but rather, was ruling as a matter of law that the expert's testimony was not credible.

■ This Court has previously stated that, " '[t]estimony which is inherently improbable may be disregarded, ... but to warrant such action there must exist either a physical impossibility of the evidence being true, or its falsity must be apparent, without any resort to inferences or deductions.' " *Dinneen v. Finch*, 100 Idaho 620, 627, 603 P.2d 575, 582 (1979) (quoting *Arundel v. Turk*, 16 Cal.App.2d 293, 60 P.2d 486, 487–488 (Cal.App.1936). Even though this particular experiment using lock nuts failed, the expert testified that a cotter pin or a thread interruption would also prevent the unscrewing and falling of the chandelier. In addition he testified that, besides

the chandelier being defective because it did not contain an anti-rotation device, it was defective because there was nothing to prevent a faulty installation and nothing to warn a casual observer that something was wrong. Because the witness did not limit his statement to the usefulness of the lock nuts we cannot, as a matter of law, hold that the expert witness' entire testimony should be disregarded. *Dinneen, supra; see generally,* 9 C. Wright & A. Miller, Federal Practice And Procedure § 2527 (1971). Certainly, the failure of the lock nuts to secure the bolts may affect the credibility of the witness, but "determination of the credibility of the witnesses and the weight to be given their testimony is for the jury. "I.C. § 9–201." *Big Butte Ranch, Inc. v. Grasmick,* 91 Idaho 6, 10, 415 P.2d 48, 52 (1966) (citations omitted). Therefore, we hold that there was sufficient evidence of a defect to justify submitting this strict liability claim to the jury.

■ Secondly, the plaintiff argues on appeal that the trial court erred in dismissing the plaintiff's negligence claims against Metallic Arts and A.W. Pistol. There was no evidence that the defendants had any knowledge that the chandelier might be unsafe. Therefore, we affirm the trial court's granting of a directed verdict as to the negligence claim against Metallic Arts and A.W. Pistol.

■ The plaintiff finally argues that the trial court erred in dismissing her negligence claim against the DeAtleys. The plaintiff was employed by the DeAtleys, and because she conferred a material or tangible benefit upon the occupants, she would be considered an invitee. *Wilson v. Bogert,* 81 Idaho 535, 347 P.2d 341 (1959). "To establish liability for negligence on the part of a landowner as against an invitee it must be established that the landowner failed to keep the premises in a reasonably safe condition, or failed to warn the invitee of hidden or concealed dangers of which the owner or one in charge knew or should have known by the exercise of reasonable care." *Giles v. Montgomery Ward Co.,* 94 Idaho 484, 485, 491 P.2d 1256, 1257 (1971) (*citing*

*Otts v. Brough,* 90 Idaho 124, 409 P.2d 95 (1965)). However, absent a statute, an employer is not an insurer and is liable only for negligence. *Shirts v. Shultz,* 76 Idaho 463, 285 P.2d 479 (1955).

■ The DeAtleys installed the chandelier but there is no evidence that it was negligently installed. The directions given by Mrs. DeAtley would not have caused the chandelier to fall and there is no evidence that they could have anticipated that it would unscrew a significant number of times to fall from the ceiling. Also, there is no evidence that the chandelier was not flush with the ceiling indicating a possible problem. Therefore, we affirm the trial court's granting of a directed verdict in favor of the DeAtleys.

■ The appellants also argue that the trial court erred in granting costs and attorney fees to the defendants as prevailing parties. In light of our reversal as to A.W. Pistol and Metallic Arts, no attorney fees or costs can be granted. As to the DeAtleys, we affirm the award of costs and attorney fees. The case was filed on January 5, 1977. The award of attorney fees in cases filed before I.R.C.P. 54(e)(1) became effective on March 1, 1979, is within the discretion of the trial court. We find no abuse of discretion. *Quincy v. Joint School District No. 41,* 102 Idaho 764, 640 P.2d 304 (1981).

Reversed in part, affirmed in part and remanded for a new trial on the strict liability claim against Metallic Arts and A.W. Pistol Co.

Costs to be paid to the appellant by Metallic Arts and A.W. Pistol, and costs to be paid to the DeAtleys by the appellant. No attorney fees on appeal.

BAKES and HUNTLEY, JJ., and SCOGGIN, J. Pro Tem., concur.

SHEPARD, J., dissents and would affirm the trial court's orders and judgments in their entirety.