782 P.2d 56

Joel MARTINEZ,
Plaintiff–Appellant–Cross Respondent,

v.

Robert J. DYCHE, individually; Prime, Inc., a Missouri corporation, Defendants–Respondents–Cross Appellants,

and

Robert Kelly Parker, individually; Carl Riedeman, individually; City of Burley, a municipal corporation; and Does I–XX, Defendants.

No. 17367.

Court of Appeals of Idaho.

Nov. 2, 1989.

E. Lee Schlender, Hailey, for plaintiff-appellant-cross respondent.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for defendants-respondents-cross appellants. Fritz A. Wonderlich argued.

BENGTSON, Judge Pro Tem.

This case presents a question of proximate cause. Joel Martinez appeals from a summary judgment entered in favor of Robert J. Dyche and Prime, Inc., in a personal injury action. Martinez sought recovery for damages allegedly caused by a collision involving a vehicle operated by Robert Kelly Parker and a truck owned by Prime and operated by Dyche. Martinez was a passenger in the Parker vehicle. By cross-appeal, Prime and Dyche contend that the trial court erred by failing to award them attorney fees under I.C. § 12–121 and Rule 54(e)(1), I.R.C.P. We vacate the summary judgment and we affirm the order refusing to award fees to Prime and Dyche.

The background of this case is as follows. Shortly after midnight on September

4, 1988, Martinez was a passenger in a pickup truck driven by Parker when it collided with a tractor-trailer rig driven by Dyche and owned by Prime. The Parker vehicle was traveling north on U.S. 30 when it struck the right rear corner of the trailer as Dyche was turning left from southbound U.S. 30 across the northbound lanes and onto the east bound on-ramp of Interstate 84. Despite some construction in the area, there were two lanes of travel in each direction on U.S. 30. It is asserted that Dyche began his turn from the right lane in violation of I.C. § 49–661 (now I.C. § 49–644). It is also asserted that Parker had been drinking (a blood test later revealed a blood-alcohol content of .12) and was driving at a speed of approximately 80 miles per hour immediately prior to the collision.

Martinez sued Parker, Dyche and Prime, and he demanded a jury trial. However, no issue relating to Parker is now before us. Our focus is on the grant of summary judgment to Dyche and Prime. Their motion for summary judgment was supported by (1) the affidavit of a disinterested witness to the collision, averring that, immediately prior to the collision, the Parker vehicle passed him at a high rate of speed and did not decrease speed or employ any evasive action to avoid the "path" of the trailer; (2) the affidavit and deposition of an accident reconstructionist employed by the Idaho State Police, opining that the Parker vehicle was traveling approximately 80 miles per hour at the time of the collision and that the vehicle could "have safely cleared the truck" had the Parker vehicle been traveling "at or about the legal speed limit" of 55 miles per hour; (3) the deposition of the investigating State Patrol officer; and (4) the deposition of Dyche.

In opposition to this motion Martinez relied primarily upon the affidavits and deposition of Dudley J. Rowley, who described himself as a "truck-related accident consultant," an operator of a trucking company, a member of the National Forensic Center, an experienced truck driver who had logged some two million miles, and a professional driving teacher at a community college. Rowley opined that Dyche's left turn and driving pattern immediately before the turn were not in conformance with professional truck driving standards, and that the two major causes of the accident were Dyche's improper turn and Parker's speeding. Rowley also testified that his review of Dyche's driving logs indicated that Dyche was not on duty at the time of the accident. Rowley suggested that a co-driver, Dyche's wife, was probably operating the truck when the accident occurred.

The learned trial judge held, after having reviewed the depositions, memoranda, pleadings and other documents in the file, that there was no genuine issue as to any material fact and that Dyche and Prime were entitled to judgment as a matter of law. He stated in his memorandum opinion: "Mr. Dyche's left turn from the right-hand southbound lane of Highway 30 may be considered as negligence per se ... [and] may also have created an additional distance for the semi-truck to travel in making the turn." Nevertheless, the judge concluded "that Mr. Dyche did not breach his duties to drive defensively, to properly observe oncoming traffic, or to take proper precautions while turning left. Reasonable minds could not construe the facts and circumstances to infer negligence on the part of Mr. Dyche."

The trial court did not, in any manner, refer to the affidavits or deposition of Rowley, or to the facts and opinions expressed therein. Of course, the question of whether a witness is sufficiently qualified as an expert to state an opinion is a matter which is largely within the discretion of the trial court. E.g., Curtis v. DeAtley, 104 Idaho 787, 663 P.2d 1089 (1983); Sorensen v. Pickens, 99 Idaho 564, 585 P.2d 1275 (1978); Hobbs v. Union Pacific R.R. Co., 62 Idaho 58, 108 P.2d 841 (1940). However, no motion was filed by either Dyche or Prime to strike Rowley's affidavits or deposition testimony upon the ground that he lacked the necessary qualifications to express an opinion. Thus, the Rowley affidavits and deposition are part of the record before us. In light of the status of the record, we cannot ignore Rowley's averments or testimony.

Despite these facts and the expert opinion of Rowley, the district court entered summary judgment in favor of Dyche and Prime, concluding that there was no genuine issue of material fact. On appeal we exercise free review in determining whether a genuine issue of material fact exists. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). In exercising such free review, we are guided by the following principles enunciated in *Earl v. Cryovac*, 115 Idaho 1087, 1093, 772 P.2d 725, 731 (Ct.App.1989) (petition for review denied):

> The standards governing the entry and review of a summary judgment are well settled. Controverted facts are viewed in favor of the party resisting the motion for summary judgment. Where, as here, a jury has been requested, the non-moving party is also entitled to the benefit of every reasonable inference that can be drawn from the evidentiary facts. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). Thus, the burden of a plaintiff, when faced with a motion for summary judgment, is not to persuade the judge that an issue will be decided in his favor at a trial. Rather, "he simply must present sufficient materials to show that there is a *triable* issue." 6 J. MOORE, W. TAGGART, & J. WICKER, MOORE'S FEDERAL PRACTICE § 56.11(3), at p. 56–243 (2d ed. 1988) (emphasis original).
>
> A "triable issue" exists whenever reasonable minds could disagree as to the material facts or the inferences to be drawn from those facts. *E.g., Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 452 P.2d 362 (1969); *Snake River Equipment Co. v. Christensen*, 107 Idaho 541, 691 P.2d 787 (Ct.App.1984). Therefore, although the plaintiff carries the ultimate burden at trial of proving causation to a standard of probability, the court in a summary judgment proceeding does not weigh the evidence for probability. The court determines only whether the

evidence frames an issue upon which reasonable minds could disagree. [Footnote omitted.] Beyond this threshold of reasonableness, weighing the evidence is a task reserved to the jury, who will have a firsthand opportunity to consider conflicting evidence and to observe the cross-examination of witnesses. *See generally* Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 FEDERAL RULES DECISIONS 465 (1984).

■ As mentioned above, the trial court, after noting that Dyche's left turn from the right-hand southbound lane of Highway 30 "may" be considered as negligence per se on his part, concluded that "reasonable minds could not construe the facts and circumstances to infer negligence" on the part of Dyche. We perceive an inconsistency in the trial judge's rationale. How could the trial court have, on the one hand, concluded that Dyche's turn from the wrong lane "may" have been negligence per se, and, on the other hand, have concluded that reasonable minds could not have inferred negligence on the part of Dyche?

However, despite the trial court's conclusion that reasonable minds could not find *negligence* on Dyche's part, it is clear to us from the court's memorandum opinion that the summary judgment actually was granted upon the ground that Dyche's act of executing the turn in violation of I.C. § 49–661,[1] was not a proximate cause of the collision. The judge wrote:

> Mr. Dyche's left turn from the right-hand southbound lane of Highway 30 may be considered as negligence per se. Commencing the turn from the right-hand lane may also have created an additional distance for the semi-truck to travel in making the turn. However, this factor cannot be considered as a legal cause of the accident. Mr. Dyche's deposition statements indicate that he took the appropriate factors into consideration

**1.** Idaho Code § 49–661 (now I.C. § 49–644) provides as follows:

Left turns.—The driver of a vehicle intending to turn left shall approach the turn in the

extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle.

when he positioned his vehicle to negotiate the turn. Nothing concerning his analysis of the road conditions, the vehicle he was driving, or the oncoming traffic leads the court to believe that Mr. Dyche's decision to turn left from the right-hand lane constitutes [cause] of the accident.

The facts in this case are reminiscent of those in *Dawson v. Olson*, 94 Idaho 636, 496 P.2d 97 (1972). In that case, the plaintiff (Dawson) was negligent per se in failing to stop at a sign governing her entry into an intersection. She also violated the closely related statutory duty to yield the right of way.[2] The defendant (Olson) was approaching the intersection at a right angle to the road on which Dawson was traveling. Olson had the right of way but was traveling at an excessive rate of speed. Although Dawson's vision was somewhat limited, she entered the intersection and her vehicle collided with the Olson vehicle. The jury returned a verdict in favor of Dawson, but the trial court awarded Olson judgment n.o.v. On appeal, Dawson contended that her negligence was not the proximate cause of the collision since, even if she had stopped and then entered the intersection, the collision would still have occurred because the high speed of the Olson vehicle prevented her from apprehending the immediate hazard posed by the Olson vehicle. In response, the Idaho Supreme Court held:

> Reasonable men may evaluate these arguments differently. The factual problems created by Olson's excessive speed and Mrs. Dawson's limited range of vision do not lend themselves facilely to a single, reasonable conclusion. The conflict of reasonable views precludes us from joining the trial court in substituting our analysis for that of the jury.

94 Idaho at 641, 496 P.2d at 102.

Here, viewing the contents of the Rowley affidavits and deposition in favor of Martinez, and affording him the benefit of every reasonable inference that can be drawn therefrom, we conclude that a genuine issue of material fact exists as to the proximate cause of the collision. We are persuaded that reasonable minds could find, or at least could disagree regarding, a causal connection between the negligence of Dyche and the injuries sustained by Martinez. Therefore, we hold that the summary judgment must be set aside.

Dyche and Prime, on their cross-appeal, have contended that the trial court erred in refusing to award them reasonable attorney fees as prevailing parties below on their motion for summary judgment. Because they are no longer prevailing parties in light of our decision today, the predicate for any such award no longer exists. Accordingly, the order of the district court, denying attorney fees at the present time and in light of the present record, is affirmed.

The summary judgment is vacated and the case is remanded. The order denying attorney fees to Dyche and Prime is affirmed. Costs to appellant, Martinez. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.

---

**2.** Idaho Code § 49–729(b), in effect at the time of the collision in *Dawson*, provided:

[E]very driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop ... and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another roadway or which is approaching so closely on said roadway as to constitute an immediate hazard.