# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37456

| | | |
|---|---|---|
| ELIZABETH ANTIM, | ) | 2011 Opinion No. 16 |
| Plaintiff-Appellant, | ) | |
| | ) | Filed: March 30, 2011 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| FRED MEYER STORES, INC., CLEANING | ) | |
| SERVICES GROUP, INC., | ) | |
| | ) | |
| Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MIROSLAW CLERENA and MIREX | ) | |
| CLERENA d/b/a POSEIDON JANITORIAL | ) | |
| and JOHN & JANE DOES I-X, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Order dismissing claims and granting summary judgment in favor of defendants in personal injury action, <u>affirmed</u>; order denying motion for reconsideration, <u>affirmed</u>.

Johnson & Monteleone, L.L.P., Boise, for appellant. D. Samuel Johnson argued.

Moore & Elia, L.L.P., Boise, for respondent Fred Meyer Stores, Inc. Brady J. Hall argued.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for respondent Cleaning Services, Group, Inc. Lewis N. Stoddard argued.

MELANSON, Judge

Elizabeth Antim appeals from the district court's dismissal of her claims of negligence and negligent supervision against Fred Meyer Stores, Inc. and Cleaning Services Group, Inc. (CSG). Specifically, Antim asserts that the district court erred by granting Fred Meyer's and

1

CSG's motions for summary judgment.  Antim also appeals from the district court's order denying her motion for reconsideration.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Antim was shopping with her husband at a Fred Meyer store around 10:30 p.m. when, upon entering the coffee aisle, Antim caught her foot on something and fell to the ground. Antim looked at her feet to see what she tripped over and noticed a folded floor mat.  Antim and her husband notified a Fred Meyer employee of the accident, who interviewed Antim and her husband, filled out an incident report, and inspected the accident site.  The employee suggested that a member of the cleaning crew may have folded the floor mat in order to prepare the aisle for cleaning.

Antim filed a complaint alleging common law negligence and negligent supervision against both Fred Meyer and CSG, the company who provided cleaning services for the store where the accident occurred.  Antim alleged that Fred Meyer and CSG breached their duty of care to maintain the store premises in a reasonably safe condition or to warn of hidden or concealed dangers of which they were or should have been aware.  Specifically, Antim contended that a CSG employee left the folded mat in the coffee aisle directly in the path of customers.

Fred Meyer and CSG each filed motions for summary judgment.  In support of their motions, Fred Meyer and CSG included the affidavit of the store manager on duty the night of the accident and an excerpt from Antim's deposition.  In his affidavit, the store manager averred that he inspected the coffee aisle between 10:10 and 10:15 p.m. and recalled seeing the floor mat lying completely flat on the floor below the coffee grinder.  In addition, the store manager averred that the night cleaning crew had arrived at the time of his inspection, but were cleaning another part of the store.  The store manager also maintained that he did not see any other floor mats in the store rolled up or folded over and that the cleaning crew had not yet cleaned the coffee aisle.  Further, the store manager indicated that there were other customers and employees in the store at the time of the accident and that it was possible that a customer or employee caused the mat to fold over prior to Antim's fall.

2

In her deposition, Antim stated that she did not notice whether the mat was folded over prior to her fall. She also indicated that she could not remember how the mat was folded, did not know when the mat was folded, and did not observe anyone else in the aisle.

The district court granted Fred Meyer's and CSG's motions for summary judgment, holding that the questions of how and when the mat became folded were too speculative to be decided by a jury. Antim filed a motion for reconsideration, which the district court denied. Antim appeals.

## II.

## ANALYSIS

The district court granted summary judgment in favor of Fred Meyer and CSG, concluding Antim did not raise a genuine issue of material fact as to whether Fred Meyer and CSG breached their duty to maintain the store premises in a safe manner. Antim asserts that she presented sufficient evidence to demonstrate that Fred Meyer and CSG breached their duty of care when an employee of CSG moved a floor mat in the store, causing Antim to slip and fall. Antim also argues that the district court erred when it denied her motion for reconsideration because the district court improperly considered testimony without proper foundation and improperly weighed the store manager's credibility as a witness.

### A. Summary Judgment

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden

may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

In Idaho, a cause of action in negligence requires proof of the following: (1) the existence of a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175-76, 804 P.2d 900, 904-05 (1991); *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The duty of owners and possessors of land is determined by the status of the person injured on the land (*i.e.*, whether the person is an invitee, licensee, or trespasser). *Holzheimer v. Johannesen*, 125 Idaho 397, 399, 871 P.2d 814, 816 (1994). Fred Meyer concedes that Antim was an invitee on the day of her accident. An invitee is one who enters upon the premises of

4

another for a purpose connected with the business conducted on the land or where it can reasonably be said that the visit may confer a business, commercial, monetary, or other tangible benefit to the landowner. *Id*. at 400, 871 P.2d at 817. A landowner owes an invitee the duty to keep the premises in a reasonably safe condition or to warn of hidden or concealed dangers. *Id*.

Fred Meyer does not dispute that it owed Antim a duty to keep its premises in a reasonably safe condition or to warn of hidden or concealed dangers. Similarly, CSG acknowledges that it owed Antim a general duty of care because it was responsible for cleaning the Fred Meyer store at the time of Antim's accident. Therefore, our main inquiry is whether Fred Meyer and CSG met their burden to establish that there was no genuine issue of material fact on the element of breach of duty.

Fred Meyer asserts that, in order to be found liable for Antim's injuries, Antim must demonstrate that Fred Meyer knew, or by the exercise of reason should have known, of the existence of the folded mat which caused Antim to trip and fall. In support of this argument, Fred Meyer relies upon *Tommerup v. Albertson's Inc.*, 101 Idaho 1, 607 P.2d 1055 (1980), *overruled on other grounds by Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989). In that case, Tommerup fell in a grocery store parking lot after slipping on a cupcake wrapper near the store's doorway and brought suit against the grocery store for negligence. At trial, no evidence was presented regarding who deposited the cupcake wrapper in the parking lot. It was also revealed that the store did not provide garbage cans outside its entrances and only scheduled inspections for debris in the parking lot between midnight and 6:00 a.m. The jury returned a verdict in favor of the grocery store. Tommerup appealed. The Idaho Supreme Court affirmed, holding:

> The law is well settled in this state that, to hold an owner or possessor of land liable for injuries to an invitee caused by a dangerous condition existing on the land, it must be shown that the owner or occupier knew, or by the exercise of reasonable care should have known, of the existence of the dangerous condition.

*Tommerup*, 101 Idaho at 3, 607 P.2d at 1057. *See also Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 738, 518 P.2d 1194, 1200 (1974); *Giles v. Montgomery Ward, Co.*, 94 Idaho 484, 485, 491 P.2d 1256, 1257 (1971). The Court went on to hold that the superior knowledge of the owner or possessor of land regarding possible dangers on the land gives rise to liability for injuries which occur due to such dangers. *Tommerup*, 101 Idaho at 3-4, 607 P.2d at 1057-58. Therefore, an

injured invitee must demonstrate that the owner or possessor had either actual or constructive notice of the dangerous condition in order to establish a breach of the duty of care.

### 1.    Actual notice

Antim contends that, because it was likely that a CSG employee folded the mat that caused Antim to fall, Fred Meyer and CSG had actual notice of the dangerous condition caused by the folded floor mat in the coffee aisle.  Fred Meyer responds that there are multiple explanations for how the mat could have become folded and none of those explanations are more plausible than another.

A similar argument was presented in *Hansen v. City of Pocatello*, 145 Idaho 700, 184 P.3d 206 (2008).  Hansen was injured when she tripped over the lid of an open water meter box along a public sidewalk in Pocatello.  Nine days before the accident, a Pocatello city employee removed the lid to read the water meter.  Hansen filed suit, alleging that Pocatello was negligent because its worker likely left the water meter lid unsecured in some way.  Pocatello filed a motion for summary judgment, which the district court granted because the city had no notice of the misplaced lid prior to Hansen's accident and because the undisputed evidence on the record demonstrated that Pocatello performed its duties in a reasonable and safe manner.  On appeal, Hansen argued that the very happening of her accident gave rise to the inference that the city employee left the lid askew.  The Idaho Supreme Court disagreed, concluding that other persons could have moved the lid because the water meter was located on a public sidewalk and the lid was not difficult to remove.  *Hansen*, 145 Idaho at 704, 184 P.3d at 210.  The Court held that, because Hansen could not cite any evidence in the record indicating that one of the explanations for the open lid was more plausible than the other, Hansen had failed to remove the issue from the realm of speculation.  *Id*.  Accordingly, the Court upheld the district court's award of summary judgment in favor of Pocatello.  Fred Meyer asserts that a similar situation exists here.

In support of their motions for summary judgment, Fred Meyer and CSG included Antim's deposition, during which she testified that she did not see the mat before she fell, did not know if it was folded over before she fell, did not see anyone else in the aisle prior to her fall, and could not explain how the mat became folded over.  In addition, Fred Meyer and CSG included the affidavit of the store manager, who inspected the aisle approximately twenty-five minutes before Antim's fall.  The manager averred that the mat was lying flat in the aisle at the time of his inspection and that the cleaning crew was cleaning the opposite side of the store and

had not yet cleaned the coffee aisle. He also did not notice any folded or rolled-up mats throughout the store and indicated that there were other customers and employees present in the store at the time of the accident. Fred Meyer and CSG argue that Antim's testimony and the store manager's affidavit demonstrated that the matter of how the mat came to be folded was pure speculation because multiple people in the store could have disturbed the mat. In other words, the mat could have been disturbed by a customer in the store, a Fred Meyer employee, a member of the cleaning crew, or possibly Antim upon her fall.

In her response to the motions for summary judgment, Antim attached the incident report compiled by the Fred Meyer employee. The report indicated that the floor mat was flipped over and that Antim stated that she tripped over the rolled-up corner of the mat. The report did not describe the location of the mat within the aisle or indicate that it was misplaced. In her deposition, Antim explained that, when she reported her accident to a Fred Meyer employee, the employee suggested that the folded mat could have been the result of someone cleaning and that the mat should have been located farther down the aisle:

| [Antim]: | And she took a look at the rug, and she seen it there, and she apologized that it shouldn't have been there. It should have been more down in the aisle and laid flat. She told me that she's assuming that somebody was cleaning and left it there, forgot to straighten it or something. I'm not sure. |
| [Attorney]: | Go ahead. |
| [Antim]: | I'm not sure who did it or anything, but that's what she said, that she is sorry, the rug should have never been there, more down the aisle flat. And, you know, as a result, she thinks it's a result from somebody cleaning the aisle. Maybe there was a spill. Maybe something. Maybe the people started cleaning it too early. She said she's not sure. |

In an affidavit filed by Fred Meyer in support of its motion for summary judgment, the employee agreed that she suggested to Antim and her husband that the cleaning crew may have moved the mat prior to cleaning the coffee aisle. However, the employee also averred that this statement was pure speculation, adding that that she had no personal knowledge of how or when the mat became folded. The affidavit also addressed the condition of the mat. According to the employee:

Ms. Antim's husband then led me to aisle three where his wife allegedly had fallen. At the beginning of aisle three was a mat on the floor *below the coffee grinder*. I noticed that approximately one foot of the end of the mat was folded

over. The mat was about five or six feet long and about two to three feet wide. It had a short carpet top and a rubber bottom. *For as long as I can remember there has always been a similar mat at this location.* The mat had been placed there to catch coffee beans and coffee grounds that would have otherwise dropped to the floor.

(emphasis added).

Antim's husband was also deposed and, during his testimony, he averred that the rug was under the coffee grinder at the time his wife fell:

| [Attorney]: | So as you were looking for the coffee creamer, what happened? |
| [Antim's husband]: | Right when we were going to turn on the aisle, there is the coffee, where they grind the coffee. And there should be a rug. It was a rug, but it was folded in half. |

The store manager further averred that, upon seeing the employee talking to Antim, he went to the coffee aisle and observed the mat below the coffee grinder and lying flat, although he said that the employee may have "fixed" it. He also observed, as he had twenty-five minutes earlier, that the cleaning crew was still on the other side of the store and they had not yet cleaned the coffee aisle.

When deciding a motion for summary judgment, a court will only consider evidence contained in affidavits and depositions which is based upon personal knowledge and would be admissible at trial. *Harris v. State, Dep't of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). If a court determines that reasonable people could reach different conclusions or draw conflicting inferences from such evidence, the motion shall be denied. *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 820, 979 P.2d 1174, 1178 (1999). The nonmoving party cannot rest upon mere allegations and must set forth specific facts that show a genuine issue for trial. I.R.C.P. 56(e). The showing of a mere scintilla of evidence will be insufficient to meet the nonmoving party's burden to demonstrate a genuine issue of fact for trial. *Edwards*, 111 Idaho at 853, 727 P.2d at 1281. Further, summary judgment will be granted if the evidence in opposition to the motion is merely colorable or is not significantly probative. *Nelson v. Steer*, 118 Idaho 409, 410, 797 P.2d 117, 118 (1990).

By itself, that the mat may have been folded provides nothing more than speculation as to how it became folded. Antim, however, argues that her testimony that the store employee stated that the mat should have been further down the aisle and flat creates a genuine issue of material

8

fact. She suggests that it should be inferred therefrom that the cleaning crew left the mat in a folded condition. We disagree. Recall, first, the store manager averred that twenty-five minutes before the incident, the cleaning crew was on the other side of the store. No one, including Antim, saw any cleaning crew in the aisle at any time. Antim would infer that, despite this undisputed testimony, the cleaning crew was in the aisle between the store manager's first observation and the time of the accident, purely by virtue of the condition of the mat.[1]

Second, Antim's husband testified and the store employee averred that the mat, at the time of the accident, was at the coffee grinder in its proper location. The prior statement attributed to the employee, that the mat should have been further down the aisle, is so nonspecific as to be of little probative value. What was meant by that statement is unknown. While it may be common experience that a cleaning crew might move and fold mats in advance of cleaning a floor surface, Antim asserts that it should be inferred here that, based on the statement that the mat "should have been further down the aisle," the cleaning crew moved and folded the mat long before cleaning the aisle, negligently leaving the aisle in an unsafe condition while customers were in the store. The store manager averred that the cleaning crew was still on the other side of the store and that the aisle had not been cleaned even after the accident.

Third, in her deposition, Antim suggested that surveillance cameras may have recorded her fall or the condition of the aisle before her fall. However, no surveillance video is included in the record. Moreover, no testimony by any member of the cleaning crew was included in the record, which may have indicated how the cleaning crew typically cleaned the coffee aisle or whether they had done so the night of the accident. Even granting all reasonable inferences, Antim failed through deposition, affidavit, or discovery responses to raise a genuine issue of fact as to how the mat became folded.

Consistent with the store manager's affidavit, the employee's affidavit, Antim's testimony, and her husband's testimony, there were no witnesses to how or when the mat became folded. Further, there was no evidence presented that Fred Meyer or CSG were otherwise

---

[1] The employee's alleged statement that the cleaning crew may have affected the mat is, from the context of Antim's testimony, admitted speculation. Antim stated that the employee was "assuming" that "maybe" the cleaning crew left the mat in its condition. The speculation provides no facts relevant to summary judgment.

notified of the folded mat prior to Antim's fall. Antim presented no more than a mere scintilla of evidence regarding how the mat became folded.

### 2. Constructive notice

Antim also asserts that, regardless of the location of the mat, because the mat was in an unsafe condition in the aisle for up to twenty-five minutes prior to her fall, Fred Meyer and CSG should have been aware of the hazard and therefore had constructive notice that a dangerous condition existed. The Idaho Supreme Court faced a similar issue in *McDonald v. Safeway Stores, Inc.*, 109 Idaho 305, 707 P.2d 416 (1985). The Court upheld the denial of summary judgment as to a negligence claim when melted ice cream on the floor of a grocery store aisle caused the plaintiff to fall and injure herself. The grocery store had been giving away ice cream samples for a few hours prior to the plaintiff's fall. The trial court denied the grocery store's motion for summary judgment, in part, because spilled ice cream had been allowed to remain on the floor for such a period of time that the grocery store should have known about it and remedied the dangerous condition created by the spill. *McDonald*, 109 Idaho at 307, 707 P.2d at 418. The Idaho Supreme Court held that the record before the trial court permitted the reasonable inference that the grocery store should have known of the dangerous condition caused by an ice cream sample and that it had sufficient time to clean the aisle. *Id*. at 307-08, 707 P.2d at 418-19.

Similarly, the Colorado Supreme Court held that a store should have known that the sale of pizza slices to customers who would have to stand to eat the pizza would cause the floor in the store to be slippery and dangerous when customers inevitably dropped slices of pizza on the floor. *Jasko v. F. W. Woolworth, Co*., 494 P.2d 839, 840 (Colo. 1972). The Court determined that the very nature of selling slices of pizza in the number and frequency that occurred in that case was so likely to lead to accidents that the plaintiff was no longer required to demonstrate actual or constructive notice. *Id*.

In *Giles*, the Idaho Supreme Court held that a situation where a customer fell on a slippery spot in a department store did not give rise to constructive notice. *Giles*, 94 Idaho at 485, 491 P.2d at 1257. The plaintiff in *Giles* slipped and fell on what he alleged was a slippery spot on the floor of a department store and filed a claim against the store for negligence. A department store employee inspected the spot where the plaintiff fell and found no slippery substance on the floor and could not identify any dangerous conditions that may have caused the

10

plaintiff's fall. The department store filed a motion for summary judgment, which the trial court granted. On appeal, the Court held that it was the plaintiff's burden to present evidence to demonstrate that the slippery floor was of such a nature that the store, in exercising due care, should have been aware of the dangerous condition. *Giles*, 94 Idaho at 485, 491 P.2d at 1257. The Court determined that the record offered only a suggestion that the floor was slippery, which was insufficient to present any genuine issue of material fact. *Id*.

Antim argues that, viewing the evidence in the light most favorable to her, the mat must have been folded over soon after the store manager inspected the aisle and mostly likely remained that way until Antim fell approximately twenty-five minutes later. Antim contends that twenty-five minutes is a sufficient amount of time for Fred Meyer and CSG to have become aware of the folded mat. As mentioned above, it was Antim's burden to present, via depositions, discovery responses or affidavits, that a genuine issue of fact existed as to how long the mat was folded prior to her fall. *See Sanders*, 125 Idaho at 874, 876 P.2d at 156. However, like the plaintiff in *Giles*, Antim failed to present any evidence to demonstrate when the mat was folded in order to establish how long it remained in such a dangerous position prior to her fall. Antim did not claim to know when the mat was folded and did not argue that evidence could be produced at trial to indicate the length of time during which the hazard existed. Antim's contention that the mat remained folded for twenty-five minutes is not based on facts or personal observation. Rather, her contention is based on pure speculation that the mat *could have* been folded over soon after the manager's inspection. Antim's suggestion that the mat was folded for at least twenty-five minutes prior to her fall is not supported by the record and is not sufficient to demonstrate that Fred Meyer or CSG should have been aware of the mat's unsafe condition.

Further, Antim has failed to demonstrate that the nature of the folded floor mat was such that Fred Meyer and CSG should have been aware of the hazard, regardless of the length of the hazard's presence in the aisle. Unlike the ice cream demonstration in *McDonald* or the pizza sale in *Jasko*, the existence of a folded mat in a store aisle is not the type of hazard that would, in and of itself, provide a store with constructive notice of a dangerous condition. Therefore, the record does not present a genuine issue of material fact as to whether Fred Meyer and CSG breached a duty of care to Antim. Because there was no genuine issue of material fact as to Antim's negligence claims, we cannot conclude that a genuine issue of fact existed as to Antim's claims of negligent supervision. Accordingly, the district court did not err by granting summary

11

judgment in favor of Fred Meyer and CSG on Antim's claims of negligence and negligent supervision.

**B.      Reconsideration**

Upon the district court's decision granting summary judgment in favor of Fred Meyer and CSG, Antim filed a motion for reconsideration.  Antim urged the district court to reconsider its conclusion that, as a matter of law, the cleaning crew did not cause the floor mat to be placed in a hazardous condition.  Antim argued that the district court improperly relied upon the store manager's affidavit because the store manager did not have personal knowledge of the whereabouts of the cleaning crew between the time he inspected the coffee aisle at 10:10 p.m. and the time of Antim's fall at 10:35 p.m.  Antim also argued that the district court drew inferences in favor of Fred Meyer and CSG and improperly weighed the credibility of the store manager.

The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court.  *Campbell v. Reagan,* 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt. Inc.,* 137 Idaho 322, 329, 48 P.3d 651, 658 (2002).  When considering a motion to reconsider under I.R.C.P. 11(a)(2), the district court should take into account any new facts or information presented by the moving party that bear on the correctness of the district court's order.  *Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason.  *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

We first note that Antim did not object to the admission of the store manager's affidavit below.  In *Esser Electric v. Lost River Ballistics Techs, Inc.*, 145 Idaho 912, 917, 188 P.3d 854, 859 (2008), the Idaho Supreme Court held that a trial court is not required to rule on an affidavit's admissibility during proceedings on summary judgment, absent an objection.  In addition, the Court held that, "if there is no timely objection, the trial court can grant summary judgment based upon an affidavit that does not comply with Rule 56(e)."  *Id*.  Therefore, even if

the store manager's affidavit was not based on his personal knowledge, as required by I.R.C.P. 56(e), absent an objection to the affidavit's admissibility below, the district court may rely on the affidavit in granting summary judgment.[2]  Regardless, it appears from the record that the store manager's affidavit complied with the requirements of I.R.C.P 56(e) because it was based on his personal observations of the coffee aisle before and after Antim's fall.

In addition, Antim mischaracterizes the district court's ruling, asserting that the district court concluded that the cleaning crew did not move the floor mat.  The district court did not determine "as a matter of law" that the cleaning crew did not disturb or fold the mat.  To the contrary, the district court concluded that the evidence presented on summary judgment rendered the matter of how the mat became folded too speculative to be decided by a jury.  The district court made no findings or conclusions as to when or how the mat became folded.

Further, Antim's assertion that the district court weighed the credibility of the store manager is not supported by the record.  Antim argues that the district court "believed" the store manager's statement in his affidavit that the coffee aisle had not been cleaned.  However, the store manager's statement that he personally observed that the aisle had not yet been cleaned either prior to or after Antim's fall was uncontroverted by Antim.  She offered no evidence at summary judgment to demonstrate that the aisle had been cleaned, other than the Fred Meyer employee's admitted speculative assumption that the cleaning crew may have moved the mat prior to cleaning and left it in its alleged condition.[3]  Without supporting evidence, the district court was not required to accept Antim's suggestion below that the aisle had been cleaned by the cleaning crew prior to Antim's fall.  As stated in I.R.C.P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise

---

[2]  Idaho Rule of Civil Procedure 56(e) states, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

[3]  It should be noted that, on appeal, Antim does not assert that the aisle had been cleaned by the cleaning crew on the night of the accident.  Rather, she asserts that the cleaning crew may have left the mat in a folded condition *prior to* cleaning the aisle, leaving the aisle in an unsafe condition for over twenty-five minutes.

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Antim failed to present any new facts that bore on the correctness of the district court's order granting summary judgment. The district court recognized its discretion and denied Antim's motion for reconsideration consistent with the applicable legal standards and through an exercise of reason. Therefore, the district court did not abuse its discretion by denying Antim's motion for reconsideration.

## C. Costs and Attorney Fees

On appeal, Fred Meyer and CSG request costs and attorney fees, asserting that Antim has invited this Court to merely second-guess the district court's ruling on summary judgment. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). While Fred Meyer and CSG have prevailed on appeal, we do not conclude that Antim brought this appeal frivolously, unreasonably, or without foundation. However, pursuant to I.A.R. 40, costs will be awarded on appeal.

## III.

## CONCLUSION

The record lacks evidence that the dangerous condition which caused Antim's injury was known to Fred Meyer, CSG, or any of the employees working or cleaning in the store at the time of Antim's accident. In addition, the record lacks evidence that Fred Meyer or CSG, in exercising reasonable care for the safety of the Fred Meyer customers, should have been aware of such a dangerous condition. Therefore, there was no genuine issue of material fact as to whether Fred Meyer or CSG breached their duty of care owed to Antim and summary judgment was appropriate. Accordingly, the district court's order dismissing Antim's claims and granting summary judgment in favor of Fred Meyer and CSG and the district court's order denying Antim's motion for reconsideration are affirmed. Costs, but not attorney fees, are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**